## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| THOMAS DWYER, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) | 
| Plaintiff, | |
| v. | |
| SNAP FITNESS, INC., | |
| Defendant. | |

CASE NO. 17-455

## **DEFENDANT'S NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

Defendant, SNAP FITNESS, INC. (hereinafter "Snap Fitness"), pursuant to 28 U.S.C. § 1453(b), 28 U.S.C. § 1446(b) and 28 U.S.C. § 1441 *et seq.*, files this Notice of Removal of this cause from the Court of Common Pleas, Hamilton County, Ohio, to the United States District Court for the Southern District of Ohio. In support of this Notice of Removal, Defendant states:

### INTRODUCTION

1. A defendant may remove an action brought in a state court if a federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because there is minimal diversity of citizenship, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed class exceeds 100 persons.

3. On May 25, 2017, Plaintiff filed this lawsuit against Snap Fitness in the Court of Common Pleas, Hamilton County, Ohio, and the state court issued summons. A copy of

Plaintiff's Class Action Complaint ("Complaint") is attached hereto as Exhibit 1.  As required by 28 U.S.C. § 1446(a), true and complete copies of all "process, pleadings, and orders" from the Court of Common Pleas, Hamilton County, Ohio are attached as Exhibit 2.  The action is styled *Thomas Dwyer, individually and on behalf of all others similarly situated v. Snap Fitness, Inc.*, Case No. A 1702841 ("State Court Action").

4. On June 2, 2017, Snap Fitness was served via certified mail with the Summons and Complaint.  The time to remove this action therefore has not expired.  Moreover, no previous application for removal has been made, and as of June 30, 2017, the state court has not certified a class, nor has it taken any other action.

5. Written notice of this filing is concurrently being given to all adverse parties as required by law.  A true and correct copy of this Notice of Removal and the Notice of Removal of Civil Action is concurrently being filed with the Clerk of the Court of Common Pleas of Hamilton County, Ohio, as required by 28 U.S.C. § 1446(d).  The Notice of Removal of Civil Action is attached as Exhibit 3.

6. Venue is proper in this district because the Court of Common Pleas, Hamilton County, Ohio, is within the Southern District of Ohio.

7. In his Complaint, Plaintiff alleges two sets of claims against Snap Fitness.  First, he brings claims for breach of contract, unjust enrichment, and violations of Ohio's Consumer Sales Practices Act ("CSPA") based on his allegation that Snap Fitness improperly charged its members a $35 "Club Enhancement Fee" (the "Fee") without advising them of the Fee or including a provision regarding the Fee in the membership contract. Ex. 1, ¶¶ 1, 2, 8.  Second, Plaintiff claims that that Snap Fitness violated the CSPA and Ohio's Prepaid Entertainment

Contract Act ("PECA") by failing to provide consumers with duplicate copies of a "notice of cancellation" form upon executing a membership agreement with Snap Fitness. *Id*. at ¶ 9.

8.  Plaintiff received and executed his membership contract with a Snap Fitness franchise location that is independently owned and operated by a franchise business owner. Plaintiff alleges that Snap Fitness is vicariously liable for its franchisee because "Snap Fitness has the right of complete or substantial control over all of its Snap Fitness franchisees in that it could implement and direct the policies and practices of those fitness clubs as well as dictate the club's pricing scheme, form contracts, appearance, equipment, employees' appearance and demeanor, and marketing and advertising." *Id*. at ¶ 14.

9.  Plaintiff also asserts that Snap Fitness "compelled its franchisees to charge the Club Enhancement Fee to club members" (*Id*. at ¶ 18) and that Snap Fitness requires its franchisees to use membership agreements based on its standard form agreement (*Id*. at ¶ 22).

10.  Plaintiff also alleges that "[Snap Fitness's] actions were intended to and did lead Plaintiff and Class members to believe that all Snap Fitness clubs [sic] has uniform standards and practices, and that all practices and procedures would be the same at each Snap Fitness club." *Id*. at ¶ 27.

11.  Accordingly, Plaintiff asserts that Snap Fitness has actual and apparent agency relationships with its franchisees and asserted a right of control over its franchisees such that it is vicariously liable for all actions undertaken by its franchisees. *Id*. at ¶ 29.

12.  Plaintiff seeks to represent a National Class consisting of "[a]ll class members who paid a Club Enhancement Fee or similar yearly or biannual fee charged by Defendant."

*Id*. at ¶ 30. Snap Fitness estimates that approximately 98,200 members paid a Club Enhancement Fee. Exhibit 4, Declaration of John Voskamp, ¶ 5. Accordingly, the proposed National Class is comprised of thousands of class members.

13. Plaintiff also seeks to represent an Ohio Sub-Class consisting of "[a]ll class members who signed a gym membership in the State of Ohio." *Id*.

14. Excluded from both the National Class and Ohio Sub-Class "are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff." *Id*.

15. Plaintiff alleges that there are likely "thousands of members of the proposed Class." *Id*. at ¶ 31. Plaintiff also alleges that "the number of individuals who comprise the Class is so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts." *Id*.

16. Though Plaintiff does not estimate the number of members of the Ohio Sub-Class, he identifies that class as all members who signed a gym membership with Snap Fitness in Ohio. *Id*. at ¶ 30. Currently, there are approximately 19,459 Snap Fitness members in Ohio. Accordingly, the proposed Ohio Sub-Class is also comprised of thousands of members. Ex. 4, ¶ 5.

17. Plaintiff demands the Court award "classwide restitution and/or disgorgement, actual and/or exemplary and/or punitive damages as provided by CSPA and/or the common law, refunds of improperly collected fees, attorneys' fees and such other corrective or injunctive or equitable remedies as the Court shall deem appropriate." Ex. 1, ¶ 2.

**THIS NOTICE OF REMOVAL COMPLIES WITH CAFA AND IS TIMELY**

18. This Notice of Removal meets all necessary procedural requirements for removing putative class actions pursuant to CAFA, 28 U.S.C. § 1332(d).

19. Plaintiff's Complaint is a "class action" within the meaning of CAFA because it was filed pursuant to Ohio Rule of Civil Procedure 23, which authorizes an action to be brought by one or more representative persons as a class action. *See also* 28 U.S.C. §§ 1332(d)(1)(B) & 1453(a).

20. This lawsuit is a civil action and has not been tried.

21. Defendant has 30 days after service of Plaintiff's Complaint to file its Notice of Removal. 28 U.S.C. § 1332(d)(7)–(8) & 28 U.S.C. § 1453(b)(3).

22. Plaintiff's Complaint was filed with the Court of Common Pleas, Hamilton County, Ohio, on May 25, 2017. Snap Fitness was first served with the Complaint on June 2, 2017. Because Snap Fitness has filed this Notice of Removal within 30 days of June 2, 2017, this Notice of Removal is timely.

## DIVERSITY OF CITIZENSHIP

23. For purposes of diversity jurisdiction and removal under 28 U.S.C. § 1332(d)(2)(A), minimal diversity of citizenship is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

24. When determining diversity jurisdiction, a business organized as a corporation is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306, (2006) (citing U.S.C. 28 § 1332(c)(1)).

25.     Here, Snap Fitness is incorporated in and has its principal place of business in Minnesota. Plaintiff acknowledges that Snap Fitness's principal place of business is Chanhassen, Minnesota. Ex. 1, ¶ 4. For purposes of diversity, Snap Fitness is a citizen of Minnesota only.

26.     Plaintiff Thomas Dwyer is an Ohio resident. *Id*. at ¶ 3.

27.     This lawsuit satisfies CAFA's minimal diversity requirement because at least one putative class member is a citizen of Ohio and Snap Fitness is a citizen of Minnesota.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

28.     "[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553, (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

29.     Pursuant to 28 U.S.C. § 1332(d)(6), the claims of the individual class members can be aggregated to satisfy the $5,000,000 in controversy requirement.

30.     Although Plaintiff does not state the precise amount of damages he seeks, he alleges damages under theories of breach of contract, unjust enrichment, and violations of the CSPA and PECA. *See* Ex. 1 at Counts I – IV.

31.     Plaintiff contends that Snap Fitness breached its contract with him and members of the nationwide class by charging them a Club Enhancement Fee of $35.00 that was not contemplated by their Snap Fitness membership agreement. Ex. 1, ¶ 12, 40.

32.     Plaintiff also contends that Snap Fitness violated the CSPA by "knowingly and improperly charging the accounts of Plaintiff and members of the Ohio Sub-Class for a Club

Enhancement Fee or similar charge without any basis in the contracts or any agreement from the Plaintiff and the Ohio Dub-Class [*sic*] members." *Id.* at ¶ 54.

33. Lastly, Plaintiff contends that Snap Fitness violated PECA by "failing to provide Plaintiff and Ohio Sub-Class members with an easily detachable duplicate 'notice of cancellation' form in the form set forth in §1345.44(b)(1) at the time the membership agreements are entered into." *Id.* at ¶ 64.

34. Plaintiff requests that the Court award him and other members of the proposed putative classes the following relief:

\*\*\*

B. That Defendant Bear the cost of any notice sent to the Class;

C. For an order awarding Plaintiff and Class members actual damages, restitution and/or disgorgement, as well as punitive, treble or exemplary damages;

D. For an order enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

E. For restitution of the funds, which were unjustly enriched by Defendant, at the expense of the Plaintiff and Class members. [*sic*]

F. For an order awarding Plaintiff and Class members pre- and post-judgment interest;

G. For an order awarding attorneys' fees and costs of suit, including experts' witness fees as permitted by law; …

Ex. 1, pp. 14-15.

35. When calculating the amount in controversy, the Court must consider compensatory, non-economic and statutory damages, attorneys' fees, punitive damages, and

injunctive relief. *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 572 (6th Cir. 2001) (punitive damages); *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1168 (6th Cir. 1975) (attorneys' fees); *Pennsylvania R.R. Co. v. Girard,* 210 F.2d 437, 439 (6th Cir. 1954) (injunction-related costs).

36. As to his breach-of-contract and unjust-enrichment claims, Plaintiff seeks to represent a National Class consisting of "[a]ll class members who paid a Club Enhancement Fee" or similar fee. Ex. 1, ¶ 30; *see also*, Ex. 1 at Count I – II (internal quotations omitted). As to his CSPA and PECA claims, Plaintiff seeks to represent an Ohio Sub-Class consisting of "[a]ll class members who signed a gym membership in the State of Ohio." Ex .1, ¶ 30; *see also* Ex. 1 at Counts III – IV.

37. Snap Fitness estimates that approximately 98,200 of its members nationwide were charged a Club Enhancement Fee within the last year, and thus that Plaintiff's proposed National Class includes approximately 98,200 members. Ex. 4, ¶ 10.

38. Snap Fitness also estimates that approximately 24,000 individuals cancelled their memberships with Ohio Snap Fitness clubs within the last two years such that they could bring a CSPA and PECA claim within the CSPA's two-year statute of limitations. *See* R.C. § 1345.10(C); Ex. 4, ¶ 6.

39. In a claim for breach of contract, a party may recover compensatory damages for any losses suffered as a result of the breach. *Reed v. Triton Servs.*, Inc., 15 N.E.3d 936, 938 (Ohio 2015). Plaintiff seeks to recover compensatory damages for breach of contract on behalf of the Nationwide Class in the amount of $3,437,000.00 (98,200 members x $35.00).

40. Under PECA, if a defendant fails to reimburse a plaintiff's fees after receiving a valid notice of cancellation, the plaintiff may arguably recover, among other things, the amount

of all payments the plaintiff made under the contract. R.C. § 1345.48(B). Snap Fitness estimates that members who have terminated their memberships in the last two years made a total of about $15,510,773 in payments under their Snap Fitness contracts. Ex. 4, ¶ 7.

41. The aggregate amount of these claims satisfies CAFA's $5,000,000 amount-in-controversy requirement ($3,437,000 + $15,510,773 = $18,947,773). Plaintiff also seeks additional monetary relief from Snap Fitness, including statutory attorney's fees, punitive damages, and the cost of notice to the classes. *See Hook v. Baker*, No. C2-02-CV-901, 2004 WL 3113717, at *2-3 (S.D. Ohio Sept. 1, 2004) (shifting the burden of the cost of class notice to defendants).

42. While Snap Fitness disputes Plaintiff's legal theories and factual allegations, taking them as true for purposes of this Notice only, Plaintiff's alleged compensatory damages, attorney's fees, and other requested relief easily satisfy the jurisdictional requirement. Accordingly, this Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332 (d)(2) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and is between citizens of different states.

### THE CLASS CONSISTS OF MORE THAN 100 MEMBERS

43. For a class action to be removable under CAFA, the proposed class must consist of 100 or more persons. *See* 28 U.S.C. § 1332(d)(5)(B); 28 U.S.C. § 1711 ("class members" means persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action).

44. Plaintiff has alleged that the proposed classes consist of thousands of members. Ex. 1, ¶ 31. Snap Fitness estimates that Plaintiff's proposed National Class consists of approximately 98,200 members and his proposed Ohio Sub-Class consists of approximately

38,500 members. Thus, the parties agree the proposed classes have more than the minimum 100 members necessary for CAFA jurisdiction.

### THERE IS NO APPLICABLE EXCEPTION TO JURISDICTION

45.     Because Snap Fitness has established this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), the burden falls on Plaintiff to prove one of the exceptions to jurisdiction under subsections (d)(3) or (4) to defeat jurisdiction.

46.     Here, no exception applies to defeat jurisdiction and does not oppose removal.

47.     <u>No Waiver Regarding Class Treatment or Damages</u>.  Snap Fitness denies allegations that this case should be certified as a class action and expressly reserves the right to oppose any motion for class certification filed in this action.  Snap Fitness further expressly denies that Plaintiff or the proposed class is entitled to any recovery.  Plaintiff has not properly alleged and could not prove, among other things, deception, unfairness, or that he suffered any cognizable injury in fact, pecuniary loss, or actual damage.  By asserting arguments regarding the possible aggregate recovery for purposes of removal, Snap Fitness does not waive or concede any defense, legal or equitable, concerning Plaintiff's claims, including whether class certification is appropriate or damages are allowable.

WHEREFORE, Defendant Snap Fitness gives notice that the matter styled *Thomas Dwyer, individually and on behalf of all others similarly situated v. Snap Fitness, Inc.*, Case No. A 1702841, in the Court of Common Pleas, Hamilton County, Ohio, is removed to the United States District Court for the Southern District of Ohio, and requests that this Court retain jurisdiction for all further proceedings. In the event the Court considers remand *sua sponte*, Snap Fitness respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

Dated: June 30, 2017               Respectfully submitted,


/s/Erin L. Hoffman
Erin L. Hoffman
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
Tel: (612) 766-8217
Erin.Hoffman@faegrebd.com

*Attorneys for Defendant Snap Fitness, Inc.*

11

US.113091536.01

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2017, I electronically filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and e-served same to the following:

>Bryce Lenox
>Giles Lenox
>1018 Delta Avenue, Suite 202
>Cincinnati, OH 45208
>Bryce@GilesLenox.com
>
>*Attorney for Plaintiff*

By: /s/Erin L. Hoffman
Erin L. Hoffman
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
Tel: (612) 766-8217
Erin.Hoffman@faegrebd.com

*Attorneys for Defendant Snap Fitness, Inc.*

US.113091536.01