COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| THOMAS DWYER<br>231 Greendale Avenue<br>Cincinnati, Ohio 45220 | : Case No.<br>:<br>: Judge<br>: |
| Individually and on behalf of all others<br>similarly situated | :<br>: **CLASS ACTION COMPLAINT WITH**<br>: **JURY DEMAND** |
| Plaintiff, | : |
| vs. | : |
| SNAP FITNESS, INC.<br>2411 Galpin Court, #110<br>Chanhassen, MN 55317 | : |
| Defendant. | |

Plaintiff Thomas Dwyer ("Dwyer" or "Plaintiff"), individually and on behalf of others similarly situated, by the following Complaint against Defendant Snap Fitness, Inc. ("Defendant" or "Snap Fitness") states and avers as follows:

### INTRODUCTION

1. This consumer class action seeks damages for Defendant's improper and wrongful charge of a $35 "Club Enhancement Fee" to Snap Fitness club members nationally despite its inability to do so under its standard form contract, and for Snap Fitness' failure to attach or otherwise provide a "notice of cancellation" form to contracts of Ohio club members in violation of Ohio's Consumer Sales Practices Act ("CSPA") and Prepaid Entertainment Contracts Act (R.C. 1345.41 to R.C. 1345.50).

2. Defendant operates nationwide and in Ohio. Accordingly, this class action seeks remedies for a national class under theories of breach of contract and unjust enrichment. Plaintiff also seeks a remedy for an Ohio subclass under the Ohio Consumer Sales Practices Act

1

**EXHIBIT 1**

("CSPA") and the Ohio Prepaid Entertainment Contract Act. Plaintiff seeks classwide restitution and/or disgorgement, actual and/or exemplary and/or punitive damages as provided by the CSPA and/or the common law, refunds of improperly collected fees, attorneys' fees and such other corrective or injunctive or equitable remedies as the Court shall deem appropriate.

## PARTIES AND JURISDICTION

3. Plaintiff is, and at all times relevant hereto was, a resident of Ohio and a citizen of Ohio. Plaintiff purchased a gym membership from a Snap Fitness franchisee in Hamilton County, Ohio.

4. Defendant is a Minnesota corporation with its headquarters in Chanhassen, Minnesota. Snap Fitness is a 24/7 fitness franchise with nearly 2,000 locations worldwide. According to its website, it offers members "high-quality workout equipment, and 24/7 access to all of its clubs worldwide."

5. This Court has personal jurisdiction over Defendant because it transacts business in the State of Ohio by franchising to owner/operators with approximately 43 Snap Fitness locations around the State, including multiple locations in Hamilton County, Ohio.

6. Venue is proper because the acts and transactions giving rise to the violations of law complained of herein occurred in Hamilton County and the claim or relief arose in Hamilton County, and because Snap Fitness:

    (a) conducts business itself or through agent(s) in this County, by advertising and marketing its fitness centers in Hamilton County; and/or

    (b) has sufficient contacts with Hamilton County to justify Defendant being fairly brought into court in this County.

## ADDITIONAL SUBSTANTIVE ALLEGATIONS

7. On October 28, 2016, Plaintiff executed a standard form Membership Agreement with Dan Pierson LLC, which is a Snap Fitness franchisee in Cincinnati, Ohio. A true and accurate copy of the Membership Agreement is attached as Exhibit 1. Plaintiff's contract was a single membership, month-to-month contract. Pursuant to the Membership Agreement, Plaintiff agreed to have $34.95, plus any vending machine purchases and tax, charged to his credit card monthly for membership fees.

8. The Membership Agreement contains no provision authorizing either the franchisee or Snap Fitness to charge a Club Enhancement Fee, or any other fees, including but not limited to, for maintenance or upgrade of the club. When Plaintiff executed the Membership Agreement, he was never advised of a Club Enhancement Fee, or any other fees, including but not limited to, for maintenance or upgrade of the club.

9. When Plaintiff executed the Membership Agreement, he was not provided with duplicate copies of a "notice of cancellation" form.

10. On February 22, 2017, Plaintiff received an email from Snap Fitness advising him that in April 2017, he would be billed for a "Snap Fitness Club Enhancement Fee." The email stated that the fee would be used for club improvements. A true and accurate copy of the email is attached as Exhibit 2.

11. Plaintiff contacted the local Snap Fitness franchisee inquiring as to the fee since his Membership Agreement did not contain a provision for payment of a Club Enhancement Fee. The local franchisee advised that the Club Enhancement Fee "can not be found in your membership agreement and is an industry wide fee that our corporate oversight just added." The franchisee stated that franchisees "just found out about this a few weeks ago." See Exhibit 2.

3

12. Despite complaining about the fee, the $35 Club Enhancement Fee was nevertheless charged to Plaintiff's credit card.

13. Although Snap Fitness clubs are owned and/or operated by franchisees, Defendant:

    a. is wholly responsible for the implementation of the Club Enhancement Fee complained of herein;

    b. is responsible for the contract language found within its form Membership Agreements and provided to members, including the exclusion of a "notice of cancellation" form for its Ohio members;

    c. creates, maintains and enforces strict uniform standards and practices for all aspects of its Snap Fitness club, including the implementation of Club Enhancement Fees and contract language in its Membership Agreements.

14. On information and belief, Snap Fitness has the right of complete or substantial control over all of its Snap Fitness franchisees in that it could implement and direct the policies and practices of those fitness clubs as well as dictate the club's pricing scheme, form contracts, appearance, equipment, employees' appearance and demeanor, and marketing and advertising.

15. Defendant designed, created and enforces uniform standards and practices that each of its franchisees and its franchisees' employees must follow relative to charging fees and enrolling members.

16. Snap Fitness' website states that it provided "turnkey systems," and an experienced corporate team to assist franchisees open and run Snap Fitness locations.

17. Defendant and its franchisees hold themselves out to the general public as one company and one overall operation—Snap Fitness—as evidenced by the fact that the advertising materials,

signs, and store appearance all are uniform and identify Defendant's franchisees' clubs as Snap Fitness.

18. Upon information and belief, Snap Fitness compelled its franchisees to charge the Club Enhancement Fee to club members. In his email to Plaintiff, the local franchisee expressed concern about the $35 Club Enhancement Fee and was "awaiting a response from my contact at corporate." See Exhibit 2.

19. Snap Fitness franchisees are required to use federally registered and common law trademarks, trade names, service marks, copyrights, interior and exterior building designs and specific slogans, logos and commercial symbols associated with the Snap Fitness system. Snap Fitness' franchise agreement with its franchisees requires that franchisees use the name Snap Fitness for their club and may not use any other word or phrase without consent. Copy attached as Exhibit 3.

20. Snap Fitness demands that its franchisees follow and adhere to its system for the operation of fitness and workout clubs, including without limitation, advertising, marketing and promotional policies and procedures, programs, marketing techniques, signs, bookkeeping and accounting systems, manuals, and techniques, operating policies, risk management policies, loss prevention policies, accounting policies and pricing policies.

21. Snap Fitness' franchise agreement requires that franchisees must sell memberships only on such terms and conditions as specified by Snap Fitness.

22. Snap Fitness' franchise agreement requires that its franchisees use membership agreements based upon Snap Fitness' standard form agreement, and further requires that all membership agreements and all billings of any type must be processed through Snap Fitness and its approved payment processing system.

E-FILED 05/25/2017 02:52 PM / CONFIRMATION 627798 / A 1702841 / COMMON PLEAS DIVISION / IFIJ

23. Snap Fitness' franchise agreement requires that its franchisees purchase supplies that have been approved, and from suppliers that have been approved, by Snap Fitness. Snap Fitness franchisees must purchase any technology system Snap Fitness develops or selects for the specified club, and are required to participate in Snap Fitness' website and its intranet and extranet system.

24. Snap Fitness' franchise agreement requires that franchisee clubs be open 24 hours each day of the year.

25. Snap Fitness' franchise agreement requires franchisees to adopt and use as part of their continuing operational routine the required standards, procedures, methods of operation and management and security systems described in Snap Fitness' operations manual.

26. Upon information and belief, Defendant receives franchise fees from its franchisees based primarily on sales volume.

27. Defendant's actions were intended to and did lead Plaintiff and Class members to believe that all Snap Fitness clubs had uniform standards and practices, and that all practices and procedures would be the same at each Snap Fitness club

28. Snap Fitness has an actual and apparent agency relationship with each of its franchisees, and held a right of control over its franchisees at all times relative to the Complaint.

29. Snap Fitness is vicariously liable for all actions undertaken by it or its franchisees at all times relevant to this Complaint.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Ohio Rule of Civil Procedure 23 for the following Class of persons:

> **National Class**: All class members who paid a Club Enhancement Fee or similar yearly or biannual fee charged by Defendant.

6

**Ohio Sub-Class**: All class members who signed a gym membership in the State of Ohio.

Excluded from the National Class and Ohio Sub-Class are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

31. While the exact number of Class members is unknown to Plaintiff at this time, and will be ascertained through appropriate discovery, Plaintiff is informed and believes that there are thousands of members in the proposed Class. The number of individuals who comprise the Class is so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

32. Plaintiff's claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by Defendant's wrongful conduct in violation of the law as complained of herein. Plaintiff is unaware of any interests that conflict with or are antagonistic to the interests of the Class.

33. Plaintiff will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in consumer class action lawsuits and complex litigation. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff is aware of his duties and responsibilities to the Class. Defendant has acted with respect to the Class in a manner applicable to each Class member.

34. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of

interest in the questions of law and fact involved in the action, which affects all Class members. Among the questions of law and fact common to the Class are, inter alia:

(a) Whether Defendant has a common policy or practice of improperly charging through its franchisees a $35 Club Enhancement Fee to its members' accounts;

(b) Whether Defendant has a common policy or practice of failing to provide a "notice of cancellation" through its franchisee to its Ohio club members;

(c) Whether Defendant's failure to attach or otherwise provide a "notice of cancellation" to Ohio members as part of their membership contract constitutes a violation of Ohio's Consumer Sales Practices Act, §1345.01 et seq. and/or Ohio's Prepaid Entertainment Contracts Act (R.C. 1345.41 to R.C. 1345.50);

(d) Whether Defendant's charge of a $35 Club Enhancement Fee breached the terms of its contract, or constitutes unjust enrichment;

(e) whether Defendant has a common policy or practice of failing to perform its contracts in good faith, using deceptive and misleading form contracts, and of breaching its contracts by failing to comply with contractual terms relating to charges to be assessed to members

(f) The nature and extent of damages, restitution, equitable remedies, and declaratory and injunctive relief to which Plaintiff and the Class are or may be entitled; and

(g) Whether Plaintiff and the Class should be awarded attorneys' fees and the costs of suit.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and

8

burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

36. Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

**FIRST COUNT**
**Breach of Contract**
**(On Behalf of the Nationwide Class)**

37. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

38. Defendant has breached the terms and conditions of its contracts with Plaintiff and Class members.

39. Plaintiff satisfied all conditions and performed all obligations under the contracts and state law.

40. Defendant, on the other hand, has a common policy and practice of failing to comply with the terms and conditions of its contracts by, among other things, improperly charging members a Club Enhancement Fee without any basis in the contracts or any agreement from the Plaintiff and the Class members; making unauthorized charges to members' bank, credit, or debit accounts; and failing to comply with terms and conditions regarding payment obligations by members.

41. The policies and practices described above also breach the implied covenants of good faith and fair dealing imposed by state law.

42. Plaintiff and Class members have been damaged by Defendant's contractual breaches and request injunctive and declaratory relief from Defendant's actions, as well as damages as described in the prayer for relief.

### SECOND COUNT
### Unjust Enrichment
### (On Behalf of the Nationwide Class)

43. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

44. Plaintiff and the Class members agreed to permit Defendant to deduct money from their accounts according to the terms of their agreements and purported contracts. No further amounts should have been deducted.

45. Contrary to their agreement, Defendant deducted money from the accounts of Plaintiff and the Class members for a Club Enhancement Fee without any basis in the contracts or any agreement from the Plaintiff and the Class members.

46. Through Defendant's unlawful and improper deductions, Plaintiff and Class members conferred a benefit on Defendant, to which Defendant is not entitled and which lawfully belongs to Plaintiff and Class members.

47. Defendant has accepted and retained the benefits conferred from the Plaintiff and the Class members under circumstances that make it inequitable for Defendant to continue to retain the benefit without paying the value of the benefit conferred.

48. Plaintiff request injunctive and declaratory relief from Defendant's actions, as well as damages as detailed in their prayer for relief.

## THIRD COUNT
### (Violation of Ohio Consumer Sales Practices Act, §1345.01 et seq.)
### (On Behalf of the Ohio Sub-class)

49. Plaintiff hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

50. The Ohio Consumer Sales Practices Act, O.R.C. § 1345.02, prohibits unfair or deceptive acts or practices in connection with a consumer transaction.

51. Defendant is a "supplier" as that term is defined in O.R.C. § 1345.01(C).

52. Plaintiff and the members of the Ohio Sub-Class are "consumers" as that term is defined in O.R.C. § 1345.01(D).

53. Defendant's membership contracts are "consumer transactions" under Ohio law.

54. Defendant engaged in a common policy and practice of unfair, false, deceptive and unconscionable conduct in violation of state law by knowingly and improperly charging the accounts of Plaintiff and members of the Ohio Sub-Class for a Club Enhancement Fee or similar charge without any basis in the contracts or any agreement from the Plaintiff and the Ohio Dub-Class members.

55. Defendant's conduct as alleged above constitutes an act or practice previously declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 and previously determined by Ohio courts to violate Ohio's Consumer Sales Practices Act and was committed after the decisions containing these determinations were made available for public inspection under division (A)(3) of § 1345.05.[1]

---

[1] *See State ex rel DeWine v. Riffle,* No 2012 CV 281, Licking County Common Pleas Court (2012) (PIF# 10003034); *Smith v. Powerhouse Gym of Toledo,* No. 99-13363 Toledo Municipal Court (1999) (PIF# Mid-American Acceptance Company v. Lightle,* 63 Ohio App. 3d 590, 605, (10th App. Dist, 1989) (PIF#10001146); *In Re: Ace Athletics, Inc.,* Case 388416, Office of The Attorney General PIF#10002833); *Celebrezze v. Scandinavian Health Spa,* CV 8631158, Summit County Court of Common Pleas, 1986 (PIF#10000744); In Re: Concourse Hotel, Office of the Attorney General (2005) (PIF#10002396); *McClain v. RB Sportstore, Inc.,* 04 CVE

11

56. As a result of Defendant's conduct, Plaintiff and the Ohio Sub-Class members were harmed and suffered actual damages as a result of Defendant's unfair and deceptive acts and practices.

57. Plaintiff and the Ohio Sub-Class are entitled to recover compensatory damages, plus interest, attorneys' fees, and costs.

58. Defendant's conduct was intentional, willful, wanton, malicious, and egregious, entitling Plaintiff and the Ohio Sub-Class to treble, punitive damages and attorneys' fees in an amount to be determined at trial.

59. Defendant continues to engage in these deceptive and unfair practices, and Plaintiff and the Ohio Sub-Class continue to be damaged by Defendant's conduct. Accordingly, Plaintiff and the Class are also entitled to injunctive relief to prohibit Defendant from continuing to perpetrate its deceptive scheme.

### FOURTH COUNT
### Violation of Ohio Prepaid Entertainment Contract Act (§§1345.41 to 1345.50)
### (On Behalf of Ohio Sub-Class)

60. Plaintiff realleges the foregoing paragraphs of this Complaint and incorporates them by reference as if fully rewritten here.

61. Plaintiffs, and all members of the Ohio Sub-Class, are consumers or buyers under Ohio law.

---

01118, Elyria Municipal Court, 2005 (PIF#10002416); *Brown v. Silzar, Inc., dba Fred Astaire Dance Studio*, Case No. 6810, (2nd App. Dist., 1981) (PIF#10000402); *Fisher v. Lasson*, et al., CV 92 10 0193, Logan County Court of Common Pleas, 1994 (PIF#10001448); *Celebrezze v. Peer*, 81CV-04-1742 (PIF#10000075).

E-FILED 05/25/2017 02:52 PM  /  CONFIRMATION 627798  /  A 1702841  /  COMMON PLEAS DIVISION  /  IFIJ

62. Defendant engages in the sale of contracts for instruction, training, assistance in physical culture, exercising, and the use of facilities of a gymnasium, among other things, and is therefore a health spa, health club, or similar facility under Ohio law.

63. The membership agreements between the Ohio Sub-Class members and Defendant are health spa, health club, or prepaid entertainment contracts pursuant to §1345.41.

64. Defendant has knowingly engaged in a pattern and practice of failing to provide Plaintiff and Ohio Sub-Class members with an easily detachable duplicate "notice of cancellation" form in the form set forth in §1345.44(B)(1) at the time the membership agreements are entered into.

65. Defendant's conduct constitutes a deceptive act or practice in connection with a consumer transaction in violation of §1345.02 of the Revised Code.

66. Defendant's conduct as alleged above constitutes an act or practice previously declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 and previously determined by Ohio courts to violate Ohio's Consumer Sales Practices Act and was committed after the decisions containing these determinations were made available for public inspection under division (A)(3) of § 1345.05.[2]

67. As a result of Defendant's conduct, Plaintiff and the Ohio Sub-Class members were harmed and suffered actual damages as a result of Defendant's unfair and deceptive acts and practices.

---

[2] *See State ex rel DeWine v. Riffle,* No 2012 CV 281, Licking County Common Pleas Court (2012) (PIF# 10003034); *Smith v. Powerhouse Gym of Toledo,* No. 99-13363 Toledo Municipal Court (1999) (PIF# Mid-American Acceptance Company v. Lightle, 63 Ohio App. 3d 590, 605, (10th App. Dist, 1989) (PIF#10001146); *In Re: Ace Athletics, Inc.,* Case 388416, Office of The Attorney General PIF#10002833); *Celebrezze v. Scandinavian Health Spa,* CV 8631158, Summit County Court of Common Pleas, 1986 (PIF#10000744); In Re: Concourse Hotel, Office of the Attorney General (2005) (PIF#10002396); *McClain v. RB Sportstore, Inc.,* 04 CVE 01118, Elyria Municipal Court, 2005 (PIF#10002416); *Brown v. Silzar, Inc., dba Fred Astaire Dance Studio,* Case No. 6810, (2nd App. Dist., 1981) (PIF#10000402); *Fisher v. Lasson, et al.,* CV 92 10 0193, Logan County Court of Common Pleas, 1994 (PIF#10001448); *Celebrezze v. Peer,* 81CV-04-1742 (PIF#10000075).

68. Plaintiff and the Ohio Sub-Class are entitled to recover compensatory damages, plus interest, attorneys' fees, and costs.

69. Defendant's conduct was intentional, willful, wanton, malicious, and egregious, entitling Plaintiff and the Ohio Sub-Class to treble, punitive damages and attorneys' fees in an amount to be determined at trial.

70. Defendant continues to engage in these deceptive and unfair practices, and Plaintiff and the Ohio Sub-Class continue to be damaged by Defendant's conduct. Accordingly, Plaintiff and the Class are also entitled to injunctive relief to prohibit Defendant from continuing to perpetrate its deceptive scheme.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A. For an order declaring that this action is properly maintained as a class action and appointing Plaintiff as representatives for the Class, and appointing Plaintiff's counsel as Class counsel;

B. That Defendant bear the cost of any notice sent to the Class;

C. For an order awarding Plaintiff and Class members actual damages, restitution and/or disgorgement, as well as punitive, treble or exemplary damages;

D. For an order enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

E. For restitution of the funds, which were unjustly enriched by Defendant, at the expense of the Plaintiff and Class members.

F. For an order awarding Plaintiff and Class members pre- and post-judgment interest;

G. For an order awarding attorneys' fees and costs of suit, including experts' witness fees as permitted by law; and

H. Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all of the claims asserted in this Complaint so triable.

Respectfully submitted,

/s/ Bryce Lenox
Bryce A. Lenox (0069936)
GILES LENOX
1018 Delta Avenue, Suite 202
Cincinnati, Ohio 45208
(513) 815-3853
(513) 824-8160 (fax)
Bryce@GilesLenox.com

Attorney for Plaintiff

15