## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is made as of February 1, 2019, by and among Thomas Dwyer ("Plaintiff"), on behalf of himself and the Class, by and through Class Counsel in this Action, and Snap Fitness, Inc. ("Defendant"). Plaintiff and Defendant are the "Parties."

### PREAMBLE

WHEREAS, Defendant is a franchisor of independently owned and operated health and fitness clubs ("Franchisees") both in the state of Ohio and throughout the country;

WHEREAS, Plaintiff was a member of one of Defendant's franchised locations in the state of Ohio ("the Franchisee") and signed a membership agreement with the Franchisee;

WHEREAS, Defendant developed a program whereby its corporate-owned locations and Franchisees, including the Franchisee, was given the option of charging a Club Enhancement Fee in amounts chosen by each location for the purpose of improving the club;

WHEREAS, the Franchisee opted to charge its members a Club Enhancement Fee in the amount of $35 and charged Plaintiff that amount in or around April 2017; and

WHEREAS, Defendant seeks complete releases for itself, and for its Franchisees, against all claims brought by Plaintiff and on behalf of the putative class in this Action;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### I.     RECITALS

**1.01**    On May 25, 2017, Plaintiff filed a putative class action against Defendant in the Court of Common Pleas for Hamilton County, Ohio, captioned *Thomas Dwyer v. Snap Fitness, Inc.*, No. A 1702841. The Complaint alleged that Defendant collected a Club Enhancement Fee from Plaintiff in breach of his membership agreements with the Franchisee and in violation of Ohio's Consumer Sales Protection Act. It also alleged that Plaintiff had not received a duplicate, detachable notice of cancellation when he signed a membership agreement with the Franchisee, in

     **EXHIBIT 2**

violation of Ohio's Prepaid Entertainment Contract Act. Plaintiff brought his claims on behalf of both Ohio and nationwide putative classes. The parties have engaged in document discovery on Plaintiff's claims. After reviewing the documents, Plaintiff has moved for leave to amend his complaint and bring common law and statutory fraud claims against Defendant. Defendant filed an opposition to the motion, which remains pending.

**1.02** Defendant denies all material allegations contained in Plaintiff's Complaint. Defendant specifically disputes that it is liable for the acts or omissions of the Franchisee; that the Club Enhancement Fee violated either the membership agreement that Plaintiff entered with the Franchisee or any other legal requirement; or that Defendant's or the Franchisees' membership agreements violate Ohio's Prepaid Entertainment Contract Act. Defendant further contends that the Court does not have personal jurisdiction to adjudicate the claims of absent class members who were members of clubs, and paid Club Enhancement Fees, outside the state of Ohio, and that Plaintiff's allegations are not amenable to class certification for independent reasons. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Settlement Agreement, subject to Court approval.

**1.03** This Settlement Agreement resulted from good faith, arm's-length settlement negotiations over two months, including an in-person mediation session before William H. Hawkins II, Esq. Plaintiff and Defendant submitted detailed mediation submissions to Mediator Hawkins setting forth their respective views as to the strengths of their cases.

**1.04** The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims. This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any

party to this Settlement Agreement. The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

    **1.05**    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

    **1.06**    As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

    **1.07**    Terms that are defined in the text of the Agreement, but not defined in Section II below, shall have the meaning given those terms in the text.

## II.    **DEFINITIONS**

    **2.01**    "Action" means the action filed by Plaintiff in the Court of Common Pleas for Hamilton County, Ohio, captioned *Thomas Dwyer v. Snap Fitness, Inc.*, No. A 1702841, and removed to the United States District Court for the Southern District of Ohio as Case No. 1:17-cv-00455-MRB.

    **2.02**    "Administrative Expenses" means the costs, fees, and expenses that are incurred by the Claims Administrator in connection with providing notice to the Class and administering the Settlement and the distributions provided thereunder.

    **2.03**    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release between Plaintiff and Defendant and each and every exhibit attached hereto.

    **2.04**    "Amount Paid" means the amount that a Class Member paid in Club Enhancement Fees, exclusive of any sales tax paid. The Amount Paid shall be determined from Defendant's business records that reflect the amount of Club Enhancement Fees paid by the Class Member and deducting any refund of any portion of Club Enhancement Fees that the Class Member subsequently received.

**2.05** "CAFA Notice" refers to the notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Claims Administrator pursuant to Section 7.01.

**2.06** "Cash Award" means the check to be sent to Class Members who will receive consideration pursuant to Section 4.03 below.

**2.07** "Claims Administrator" means JND Legal Administration, subject to approval by the Court. The Claims Administrator will be responsible for providing the Class Notice as well as services related to administration of the Settlement.

**2.08** "Class Counsel" means The Law Office of Bryce A. Lenox, Esq. LLC and The Law Office of Brian T. Giles.

**2.09** "Class Notice" means any of the types of notice that may be used to inform Class Members of the Settlement, substantially in one of the forms attached as Exhibits A-1 ("Long-Form Notice"), A-2 ("Email Notice"), and A-3 ("Postcard Notice"), and distributed to Class Members in the manner described in Section VIII below.

**2.10** "Class Period" means the period from May 25, 2015, to the date of the Fairness Hearing.

**2.11** "Class Plaintiff" means Plaintiff Thomas Dwyer.

**2.12** "Club Enhancement Fee(s)" means an additional, one-time fee implemented and charged by certain Snap Fitness locations in or around April 2017 and/or April 2018.

**2.13** "Court" means the United States District Court for the Southern District of Ohio.

**2.14** "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section 7.04(c) and 7.04(d).

**2.15** "Defendant" means Snap Fitness, Inc.

**2.16** "Defendant's Releasees" means Snap Fitness, Inc., and its past and present parents, subsidiaries, franchisees, and affiliated corporations, limited liability companies, partnerships, and other entities, the predecessors and successors in interest of any of them, and

all of their respective past and present officers, directors, shareholders, employees, agents, members, partners, representatives, attorneys, insurers, and assigns, in their capacities as such.

**2.17**  "Effective Date" means the date on which the Court's judgment approving this Agreement becomes final, as described in Section XI.

**2.18**  "Escrow Account" means an account established by the Claims Administrator at a financial institution into which monies are to be deposited as set forth by this Agreement.

**2.19**  "Fairness Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate, also referred to herein as the "Final Approval Hearing."

**2.20**  "Final Approval Order," or "Final Judgment Order," means the order and judgment that the Court enters upon finally approving the Settlement and that is in substance materially the same as Exhibit B to this Settlement Agreement. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

**2.21**  "Funding Date" means fourteen (14) days after the Effective Date.

**2.22**  "Litigation Expenses" means all costs, fees, and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Action.

**2.23**  "Non-Monetary Relief" means Defendant's changes to the standard membership agreement it makes available to its Franchisees in the state of Ohio, which changes Defendant implemented in November 2017 in response to this Action.

**2.24**  "Notice Database" means the database containing Class Members' information that Defendant has provided pursuant to Section 7.02.

**2.25**  "Objection Deadline" means sixty (60) days from the Settlement Notice Date.

**2.26**  "Opt-Out Deadline" means sixty (60) days from the Settlement Notice Date.

**2.27**  "Parties" means the Class Plaintiff and Defendant.

**2.28** "Preliminary Approval Order" means an order granting preliminary approval of the Settlement, the proposed form of which is attached as Exhibit C.

**2.29** "Released Claims" means the claims released in Section XII.

**2.30** "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

**2.31** "Settlement Class" means all persons within the United States who fall into either or both of the sub-classes described below. Excluded from the Settlement Class are persons who Successfully Opt Out, as described in Section IX.

(a) persons who have paid a Club Enhancement Fee under a Snap Fitness membership agreement that did not mention payment of the Club Enhancement Fee (the "CEF Sub-Class");

(b) persons who have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and who either (i) canceled their membership during the Class Period while operating under that agreement, or (ii) remain current Snap Fitness members under that agreement (the "PECA Sub-Class"). For purposes of this Section, "canceled" shall mean a termination of membership in which the member did not transfer to another form of Snap Fitness membership within two days, as reflected in Defendant's business records.

**2.32** "Settlement Class Members" means those persons who are members of the Settlement Class, as defined in the two sub-classes in Section 2.31 above, and who do not Successfully Opt Out.

**2.33** "Settlement Fund" means the non-reversionary cash sum that Defendant will pay to settle this Action and obtain a release of all Released Claims in favor of Defendant and all Defendant's Releasees, in the amount of $2,920,000.

**2.34** "Settlement Notice Date" means sixty (60) days after an Order Granting Preliminary Approval is issued.

**2.35** "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 8.03.

**2.36** "Successful(ly) Opt Out" means any person or persons who timely and validly exercise their right to opt out of the Settlement Class, pursuant to Section X, but shall not include (a) persons whose opt outs are challenged by Defendant, and the challenge is not overruled by the Court or withdrawn by Defendant, or (b) persons whose communication is not treated as an opt out, as provided in Section 9.01.

### III.   ALL PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT

**3.01** Defendant's Position on the Conditional Certification of Settlement Class. Defendant disputes that a class would be manageable and further denies that a litigation class properly could be certified on the claims asserted in this Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification for settlement purposes only of the Settlement Class. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action. No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**3.02** <u>Plaintiff's Belief in the Merits of Case</u>. Plaintiff believes that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

**3.03** <u>Plaintiff Recognizes the Benefits of Settlement</u>. Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Class. Plaintiff has concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

## IV. <u>SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS</u>

**4.01** <u>Changes in Defendant's Business Practices</u>. As a benefit to Class Members in the PECA Sub-Class, Defendant has developed and implemented modifications to the membership agreements it provides to its Franchisees in the state of Ohio. The Parties understand and agree that this practice change is the core benefit offered to the PECA Sub-Class. To the extent that Ohio law or any relevant regulatory authority promulgates different requirements, or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions will control.

**4.02** <u>Monetary Consideration</u>. In addition to the practice changes set forth in Section 4.01, Defendant will pay a non-reversionary cash sum in the amount of $2,920,000 into the Settlement Fund no later than the Funding Date.

**4.04** Cash Awards. Each Settlement Class Member will be entitled to receive a Cash Award on the following terms.

(a) Each Settlement Class Member in the PECA Sub-Class will receive a Cash Award of $5.00.

(b) Each Settlement Class Member in the CEF Sub-Class will receive a Cash Award in a designated percentage of the Club Enhancement Fees that he or she paid. The Cash Award will be determined for each Settlement Class Member in the CEF Sub-Class as follows:

(i) first, the total amounts accounted for under Section 4.04(a) will be deducted from the Settlement Fund to calculate the "CEF Net Settlement Fund";

(ii) next, the CEF Net Settlement Fund will be divided by the total of all Amounts Paid by Settlement Class Members to calculate the percentage of recovery to be applied class-wide (the "Percentage of Recovery"). The total of all Amounts Paid by Settlement Class Members will be derived from Defendant's business records.

(iii) next, the Percentage of Recovery will be applied to the Amount Paid to calculate the Cash Award for each Settlement Class Member.

(c) A Settlement Class Member who is a member of both the PECA Sub-Class and the CEF Sub-Class will receive a Cash Award consisting of a combined payment under Section 4.04(a) and Section 4.04(b).

(d) Each member of the Settlement Class who does not Successfully Opt Out of the Settlement as required in this Agreement will be a Settlement Class Member and will be mailed a Cash Award at his or her last known address.

**4.05** Maximum Payment. Defendant's Maximum Payment will consist of payments of $2,920,000 into the Settlement Fund under Section 4.02; no more than $350,000 on the Fee and Expense Application under Section 5.02; and all Administrative Expenses incurred by the

Claims Administrator under Section 7.03. In no event will Defendant's payment obligations exceed the Maximum Payment in the specific amounts designated in this Section 4.05.

## V.  ATTORNEYS' FEES, COSTS, AND PAYMENT TO CLASS REPRESENTATIVE

**5.01**  <u>Fee and Expense Application</u>. Not later than fourteen (14) days prior to the Objection Deadline and the Opt-Out Deadline, Class Counsel will apply to the Court for an award of Litigation Expenses to be paid separately by Defendant, as well as a service award to the Class Plaintiff directly related to his representation of the Class, also to be separately paid by Defendant. All of the above, including any service award to the Class Plaintiff, is the "Fee and Expense Application."

**5.02**  <u>No Objection by Defendant.</u> Class Counsel represent that they will not seek an amount in excess of $350,000 for the Fee and Expense Application. Defendant will not oppose a Fee and Expense Application that seeks an amount up to $350,000. Within ten (10) days of the Funding Date, and after providing W-9 forms to Defendant, Class Counsel and the Class Plaintiff will be entitled to payment of the amount awarded by the Court on the Fee and Expense Application.

**5.03**  <u>Settlement Independent of Award of Fees, Costs, and Incentive Payments</u>.  The payments of amounts requested in the Fee and Expense Application are subject to and dependent upon the Court's approval as fair, reasonable, adequate, and in the best interests of Settlement Class Members. However, this Settlement is not dependent or conditioned upon the Court's approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff. In the event the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

## VI.  PRELIMINARY APPROVAL

**6.01**  <u>Order of Preliminary Approval</u>. As soon as practicable after the execution of this Agreement, Plaintiff will move the Court for entry of the Preliminary Approval Order in

substantially the form attached as Exhibit C. Pursuant to the motion for preliminary approval, the Plaintiff will request that:

      a.     the Court conditionally certify the Class for settlement purposes only and appoint the Class Representative and Class Counsel to represent the Class;

      b.     the Court preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable, and within the reasonable range of possible final approval;

      c.     the Court appoint the firm of JND Legal Administration to administer the notice procedure and the distribution of Cash Awards.

      d.     the Court approve the forms of Class Notice and find that the notice program set forth herein both constitutes the best notice practicable under the circumstances and satisfies due process, Federal Rule of Civil Procedure 23, and all other applicable laws and rules;

      e.     the Court set the date and time for the Fairness Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

      f.     the Court set the Objection Deadline and the Opt-Out Deadline for a time no later than twenty-one (21) days before the Fairness Hearing.

## VII. ADMINISTRATION AND NOTIFICATION PROCESS

**7.01** <u>Third-Party Claims Administrator</u>. The Claims Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, obtaining new addresses for returned email and mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, acting as a liaison between Settlement Class Members and the Parties regarding claims information, directing the mailing of Cash Awards to Settlement Class Members, distributing CAFA Notice, and any other tasks reasonably required to effectuate the foregoing.

**7.02** <u>Notice Data</u>. To facilitate the notice and claims administration process, Defendant has provided or will provide to the Claims Administrator in an electronically searchable and readable format, data that includes the names, last known email addresses, and last known mailing addresses for all known members of the Settlement Class, as such information is contained in the computerized account records Defendant maintains. Defendant represents for settlement purposes that the size of the CEF Sub-Class is approximately 106,000 individuals and the size of the PECA Sub-Class is approximately 43,000 individuals. If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them costlier, the Claims Administrator will so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to members of the Settlement Class provided to the Claims Administrator or Class Counsel pursuant to this Settlement will be provided solely for the purpose of providing notice to members of the Settlement Class and allowing them to recover under this Settlement; will be kept in strict confidence; will not be disclosed to any third party; and, will not be used for any other purpose.

**7.03** <u>Payment of Notice and Administrative Expenses</u>. Defendant will separately pay all Administrative Expenses that are incurred by the Claims Administrator. The Claims Administrator has provided to the Parties an estimate of the Initial Administrative Expenses, which includes the amount of costs required to email and mail notice, establish the Settlement Website and establish a toll-free telephone number, as well as any other necessary initial costs. Defendant will pay the estimated Initial Administrative Expenses to the Claims Administrator within fourteen (14) days after the entry of the Preliminary Approval Order. After that payment of Initial Administrative Expenses by Defendant, the Claims Administrator will bill Defendant monthly for any additional Administrative Expenses. Any amounts paid by Defendant for the estimated Initial Administrative Expenses that are not incurred by the Claims Administrator will be used for other administration

costs or will be deducted from future billings by the Claims Administrator. The Claims Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide those to Defendant monthly.

**7.04** <u>Distribution of the Settlement Fund</u>. The Claims Administrator will distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

      a.      first, no later than twenty-five (25) days after the Funding Date, the Claims Administrator will pay the Cash Awards to Settlement Class Members pursuant to Section 4.04;

      b.      next, if checks that remain uncashed after 150 days of the first pro rata distribution yield an amount that would allow a second pro rata distribution to Settlement Class Members in the CEF Sub-Class equal to or greater than $5.00 per person, the Claims Administrator will distribute any such funds on a pro rata basis to Settlement Class Members in the CEF Sub-Class who cashed settlement checks;

      c.      next, if a second pro rata distribution is not made, the uncashed amount will be paid as the Cy Pres Distribution to Girls on the Run International;

      d.      finally, if a second pro rata distribution is made, the amount of any checks that remain uncashed 90 days after that distribution will be distributed to Girls on the Run International. Upon request by a claimant, the Claims Administrator may re-issue settlement checks, provided that such re-issued checks will not be negotiable beyond the date that is one hundred fifty (150) days after the date of issuance of the original check to such claimant.

**7.05** <u>Checks Returned by Postal Service</u>. If any settlement checks are returned, the Claims Administrator will attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the

check. The Claims Administrator will advise Class Counsel and Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable.

## VIII.  NOTICES

**8.01**   Timing of Class Notice. Class Notice will be provided to all persons in the Settlement Class within sixty (60) days following entry of the Preliminary Approval Order as described herein (the "Settlement Notice Date").

**8.02**   E-Mailing or Mailing of Class Notice. The Claims Administrator will send the Class Notice as follows: (i) the Email Notice by electronic mail, to the most recent email address as reflected in Defendant's reasonably available computerized account records, to all persons in the Settlement Class for whom such records exist; or (ii) the Postcard Notice by first class mail, to the most recent mailing address as reflected in Defendant's computerized account records, for those persons in the Settlement Class for whom Defendant does not have an email address (as reflected in reasonably available computerized account records), and to those persons in the Settlement Class whose emails are undeliverable, as determined by the Claims Administrator.

   a.      Address Confirmation. The last known address of persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Claims Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator will conduct a reasonable search to locate an updated address for any person in the Settlement Class whose Class Notice is returned as undeliverable; (c) the Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator will update addresses based on any requests received from persons in the Settlement Class.

   b.      Re-Mailing of Returned Settlement Notices. The Claims Administrator will promptly re-mail any Postcard Notices that are returned as non-deliverable with a forwarding address to such forwarding address. For all returned mail, the Claims Administrator will perform

data searches and other reasonable steps to attempt to obtain better contact information on the Settlement Class Member.

**8.03** _Internet Notice_. By the Settlement Notice Date, the Claims Administrator will maintain and administer a dedicated Settlement Website (www.SnapFitnessCEFSettlement.com) containing class information and related documents. At a minimum, such documents will include the Settlement Agreement and attached exhibits, Long-Form Notice, and when filed, the Preliminary Approval Order, Class Counsel's Fee and Expense Application, and the Final Approval Order. The Website will be taken down and rendered inaccessible within 240 days of the first pro rata distribution.

**8.04** _Toll-Free Telephone Number_. By the Settlement Notice Date, the Claims Administrator will set up a toll-free telephone number that will provide an automated menu with recorded information related to the Settlement. That telephone number and the informational recording will be maintained until thirty (30) days after the Opt-Out Deadline and the Objection Deadline. After that time, and for a period of sixty (60) days thereafter, a recording will advise any caller to the toll-free telephone number that the Opt-Out Deadline and Objection Deadline have passed and the details regarding the Settlement may be reviewed on the related Settlement Website.

## IX. OPT-OUTS AND OBJECTIONS

**9.01** _Opt-Out Requirements_. Persons in the Settlement Class may request exclusion from the Settlement, and thereby Successfully Opt Out, by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Snap Fitness CEF action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person

acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class. A member of the Settlement Class may opt out on an individual basis only. "Mass" or "class" opt-outs, whether submitted by third parties on behalf of a "mass" or "class" of class members or multiple class members, where no personal statement has been signed by each individual Class Member in compliance with Section 9.01, are not allowed.

9.02    Retention of Exclusions. The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

9.03    Effect of Opt-Out. Any member of the Settlement Class who Successfully Opts Out will not be a Settlement Class Member and will not be bound by the terms of this Agreement.

9.04    Termination Provision. If the conditions of the confidential termination provision in the separate Supplemental Agreement are met, Defendant has the right in its sole discretion, but not the obligation, to terminate the Settlement Agreement and revert to the status quo ante.

9.05    Objections. Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline.

a.      In the written objection, the Settlement Class Member must state his or her full name, address, a telephone number at which he or she currently can be reached, the reasons for his or her objection, the number of objections he or she has made in other class-action cases, identifying the specific cases, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the objection.

b.      The Parties will have the right to depose any objector to assess whether the objector has standing.

**9.06**   Fairness Hearing. Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## X.   FINAL APPROVAL AND JUDGMENT ORDER

**10.01**   No later than fourteen (14) days prior to the Final Approval Hearing, the Claims Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Class Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**10.02**   If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) days prior to Final Approval Hearing:

a.   Plaintiff will request that the Court enter the Final Approval Order in substantially the form attached as Exhibit B, with Class Counsel filing a memorandum of points and authorities in support of the motion; and

b.   Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement.

**10.03**   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any objections to the Settlement should be overruled, whether Class Counsel's Fee and Expense Application should be granted, and whether a judgment finally approving the Settlement should be entered.

**10.04**   This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

a.   finds that the Notice provided satisfies the requirements of due process;

b. finds that Settlement Class Members have been adequately represented by the Class Plaintiff and Class Counsel;

c. approves the plan of distribution for the Settlement Fund and any interest accrued thereon;

d. certifies the Settlement Class;

e. finds that the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the release in Sections 12.01 and 12.02, and the covenant not to sue in Section 12.04, and that this Settlement Agreement should be and is approved;

f. dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

g. permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or the Released Parties; and

h. retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

## XI. FINAL JUDGMENT

**11.01** The judgment entered at the Final Approval Hearing will be deemed final:

a. Thirty (30) days after entry of the judgment approving the Settlement if no document is filed within that time seeking appeal, review, or rehearing of the judgment; or

b. If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 10.04.

## XII.   <u>RELEASE OF CLAIMS</u>

**12.01**   <u>Released Claims</u>. As of the Effective Date, Class Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish, and discharge each and all of the Defendant's Releasees from each of the Released Claims. "Released Claims" means any and all claims, actions, causes of action, rights or liabilities, whether arising out of federal, state, foreign, or common law, including Unknown Claims, of any Class Member, which exist or may exist against any of the Defendant's Releasees by reason of any matter, event, cause, or thing that were or could have been alleged based on the facts, circumstances, transactions, events, occurrences, acts, omissions, or failures to act alleged, or which Plaintiff requested leave to allege, in the Action. Released Claims do not include any claims relating to the enforcement of the Settlement or any claims of any person or entity who Successfully Opts Out of the Settlement.

**12.02**   <u>Waiver of Unknown Claims</u>. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. The Parties stipulate and agree that, upon the Effective Date of the Settlement, the Class Plaintiff shall expressly waive, and each of the Class Members who have not opted out shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Class Plaintiff acknowledges, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement. The Class Plaintiff further acknowledges, and all Settlement Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that they are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matters of the Released Plaintiffs' Claims, but that it is their intention upon the Effective Date, to have fully, finally, and forever settled and released any and all claims within the scope of the Released Plaintiffs' Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts. All of the foregoing is the definition of "Unknown Claims."

**12.04** <u>Covenant Not To Sue</u>. Class Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of Defendant's Releasees, with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## XIII.   TERMINATION OF AGREEMENT

**13.01** <u>Either Side May Terminate the Agreement</u>. Plaintiff and Defendant will each have the right to unilaterally terminate this Agreement by providing written notice of his, their, or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) days of any of the following occurrences:

a.      the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

b.      an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

        c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiff or Defendant reasonably consider material, unless such modification or amendment is accepted in writing by all Parties;

        d.      the Effective Date does not occur; or

        e.      any other ground for termination provided for elsewhere in this Agreement occurs.

**13.02** <u>Settlement Fund Return to Defendant.</u> In the event that the Settlement is not approved, or is terminated, canceled, or fails to become effective for any reason including, but not limited to, those reasons outlined in Section 14.01 herein, the Settlement Fund money remaining in the Escrow Account (including accrued interest, if any) will be returned to Defendant within fifteen (15) days of the event that causes the Agreement to not become effective.

**13.03** <u>Revert to Status Quo</u>. If either Plaintiff or Defendant issues a valid Termination Notice, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded to Defendant.

## XIV.  <u>NO ADMISSION OF LIABILITY</u>

**14.01** Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the operative complaint, whether related to its conduct or the conduct of third parties on its behalf. Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by Defendant that the Action is properly brought on a class or

representative basis, or that classes may be certified in the Action, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**14.02** Pursuant to provisions under the laws of the state of Ohio or other states, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

## XV. TAXES

**15.01** Qualified Settlement Fund. The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Claims Administrator will timely make such elections as necessary or advisable to carry out the provisions of Section 16, including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections must be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the

necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**15.02** <u>Claims Administrator is "Administrator."</u> For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator must be designated as the "administrator" of the Settlement Fund. The Claims Administrator must cause to be timely and properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B2(k)). Such returns must reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund will be paid out of the Settlement Fund.

**15.03** <u>Taxes Paid by Administrator.</u> All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, will be paid by Defendant separate from the Settlement Fund.

**15.04** <u>Expenses Not Paid from Fund.</u> Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section 16, including fees of tax attorneys and accountants, must be paid by Defendant separate from the Settlement Fund.

**15.05** <u>Responsibility for Taxes on Distribution.</u> Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses will not be paid from the Settlement Fund.

**15.06** <u>Defendant Is Not Responsible.</u> In no event will Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Class Plaintiff, Settlement Class Members, Class Counsel, or any other person or entity.

## XVI.   MISCELLANEOUS

**16.01**   Entire Agreement. This Agreement and the exhibits hereto constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**16.02**   Governing Law. This Agreement will be governed by the laws of the state of Ohio.

**16.03**   Jurisdiction. The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

**16.04**   No Construction Against Drafter. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**16.05**   Resolution of Disputes. The Parties will cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**16.06**   Counterparts. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**16.07**   Time Periods. All time periods in this Agreement shall be computed as described in Federal Rule of Civil Procedure 6(a)(1). The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**16.08**   Authority. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**16.09**    No Oral Modifications. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

**16.10**    No Disparagement. The Parties and their counsel agree that they will refrain from disparaging the Settlement or each other with respect to the Action in any press releases or statements to the media, or in any other communication.

**16.11**    Notices. Unless otherwise stated herein, any notice required or provided for under this Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. Mail postage prepaid, as follows:

If to Class Counsel:

Bryce A. Lenox
The Law Office of Bryce A. Lenox,
Esq. LLC
3825 Edwards Road, Suite 103
Cincinnati, Ohio 45209
bryce@brycelenoxlaw.com

Brian T. Giles
The Law Office of Brian T. Giles, LLC
1470 Apple Hill Rd.
Cincinnati, Ohio 45230
brian@gilesfirm.com

If to counsel for Defendant:

Kerry L. Bundy
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Kerry.Bundy@faegrebd.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, dated as of February 1, 2019.

DATED: _____2/4/19_____          Plaintiff Thomas Dwyer

                                 _____

DATED: __2/1/2019__              Defendant Snap Fitness, Inc.
                                 By:
                                 Name: _____
                                 Title: _____CFO_____

APPROVED AS TO FORM AND CONTENT:

DATED: February 1, 2019              FAEGRE BAKER DANIELS LLP

By_____
    Kerry L. Bundy
    Peter C. Magnuson
    Kate E. Middleton
    Attorneys for Defendant Snap Fitness, Inc.

DATED: February 1, 2019              THE LAW OFFICE OF BRYCE A. LENOX, ESQ, LLC

By_____
    Bryce A. Lenox
    Class Counsel
    Attorney for Plaintiff Dwyer

DATED: February 1, 2019              THE LAW OFFICE OF BRIAN GILES

By_____
    Brian T. Giles
    Class Counsel
    Attorney for Plaintiff Dwyer

From: Jennifer@SnapFitnessCEFSettlement.com
Subject: Snap Fitness CEF Proposed Class Action

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Dwyer v. Snap Fitness, Inc.,* (Case Number 1:17-CV-00455)
**(United States District Court for the Southern District of Ohio)**

**Claim ID: XXXXXX**

**Dear [NAME],**

This notice is to inform you of the settlement of a class action lawsuit with Snap Fitness, Inc. ("Snap Fitness"). Thomas Dwyer filed this lawsuit against Snap Fitness, alleging that Snap Fitness violated the law by charging members a Club Enhancement Fee ("CEF") in health clubs across the country and by entering into member agreements in Ohio that didn't comply with Ohio's Prepaid Entertainment Contract Act ("PECA"). Snap Fitness denies that it violated the law. The parties have agreed to a settlement.

**Why did you receive this email?**
You received this email because Snap Fitness's records identified you as a potential member of one or both of the following classes: (1) All persons who have paid a CEF under a Snap Fitness membership agreement that did not mention payment of the CEF ("CEF Sub-Class"); and (2) All persons who have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and who either (i) canceled their membership between May 25, 2015, and the present ("Class Period") while operating under that agreement, or (ii) remain current Snap Fitness members under that agreement ("PECA Sub-Class").

**What does the settlement provide?**
Snap Fitness will establish a settlement fund of $2,920,000.00 and will separately pay notice and administration costs, an award of attorneys' fees, and an incentive award to Mr. Dwyer. Anyone in the PECA Sub-Class is entitled to receive $5. Anyone in the CEF Sub-Class is entitled to receive approximately 65% of the total amount he or she paid in CEFs. A class member may be eligible to recover under both the PECA Sub-Class and the CEF Sub-Class. It is estimated that each valid claimant will receive between approximately $0.01 and $50.

**What are your legal rights and options?**
You have three options. First, you may do nothing, in which case you will receive a payment from the settlement fund and will release any claim(s) you have against Snap Fitness related to the claims and conduct alleged in this case. Second, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund nor release any claim(s) you have against Snap Fitness. Or third, you may object to the settlement. To obtain additional information about your legal rights and options, please visit www.SnapFitnessCEFSettlement.com, or contact the settlement administrator by writing to: Snap Fitness CEF Settlement, c/o JND Legal Administration, P.O. Box 91246, Seattle, WA 98111 or by calling 1-833-291-1645.

**When is the final fairness hearing?**
The Court will hold a final fairness hearing on [DATE], 2019, at [time]. The hearing will take place in the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

If you have questions, you may call the Claims Administrator toll-free at 1-833-291-1645.

**EXHIBIT A-1**

**What is this lawsuit about?** Thomas Dwyer filed this lawsuit against Snap Fitness, Inc. ("Snap Fitness"), alleging that Snap Fitness violated the law by charging members a Club Enhancement Fee ("CEF") in health clubs across the country and by entering into member agreements in Ohio that didn't comply with Ohio's Prepaid Entertainment Contract Act ("PECA"). Snap Fitness denies that it violated the law. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Snap Fitness's records identified you as a potential member of one or both of the following classes: (1) All persons who have paid a CEF under a Snap Fitness membership agreement that did not mention payment of the CEF ("CEF Sub-Class"); and (2) All persons who have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and who either (i) canceled their membership between May 25, 2015, and the present ("Class Period") while operating under that agreement, or (ii) remain current Snap Fitness members under that agreement ("PECA Sub-Class").

**What does the settlement provide?** Snap Fitness will establish a settlement fund of $2,920,000.00 and will separately pay notice and administration costs, an award of attorneys' fees, and an incentive award to Mr. Dwyer. Anyone in the PECA Sub-Class is entitled to receive $5. Anyone in the CEF Sub-Class is entitled to receive approximately 65% of the total amount he or she paid in CEFs. A class member may be eligible to recover under both the PECA Sub-Class and the CEF Sub-Class. It is estimated that each valid claimant will receive between approximately $0.01 and $50.

**What are your legal rights and options?** You have three options. First, you may do nothing, in which case you will receive a payment from the settlement fund and will release any claim(s) you have against Snap Fitness related to the claims and conduct alleged in this case. Second, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund nor release any claim(s) you have against Snap Fitness. Or third, you may object to the settlement. To obtain additional information about your legal rights and options, please visit www.SnapFitnessCEFSettlement.com, or contact the settlement administrator by writing to: Snap Fitness CEF Settlement, c/o JND Legal Administration, P.O. Box 91246, Seattle, WA 98111 or by calling 1-833-291-1645.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on _____, 2019, at _____. The hearing will take place in the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

---

**Front Outside**

**This is a notice of a settlement of a class action lawsuit. This is _not_ a notice of a lawsuit against you.**

**If you paid a Snap Fitness Club Enhancement Fee in 2017 or 2018, or were a Snap Fitness member in Ohio before November 2017, you may be entitled to compensation as a result of the settlement of the class action lawsuit captioned:**

*Dwyer v. Snap Fitness, Inc.*
No. 1:17-cv-00455 (S.D. Ohio.)

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

Snap Fitness CEF Settlement
c/o JND Legal Administration
P.O. Box 91246
Seattle, WA 98111

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

**EXHIBIT A-2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| THOMAS DWYER, individually and on behalf of all others similarly situated, | CASE NO. 1:17-cv-00455-MRB |
| Plaintiff, | |
| v. | |
| SNAP FITNESS, INC., | |
| Defendant. | |

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**If you are or have been a Snap Fitness member and (1) you paid a Club Enhancement Fee ("CEF") under a Snap Fitness membership agreement that did not mention payment of the CEF, and/or (2) have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and either (i) canceled your membership between May 25, 2015, and the present ("Class Period") while operating under that agreement, or (ii) remain a current Snap Fitness member under that agreement, you are a member of the Settlement Class ("Class" or "Class Member") and can get a payment from a class action settlement (the "Settlement").**

### THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.

- On [DATE], 2019, the Hon. Michael R. Barrett of the United States District Court for the Southern District of Ohio (the "Court") preliminarily approved the Settlement and ordered that notice be sent to Class Members of their legal rights and options to participate in this Settlement.

- A federal court has authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.  Please read this Notice carefully and completely.

**EXHIBIT A-3**

## <u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:</u>

| | |
|---|---|
| **DO NOTHING** | If you are a Class Member and you do nothing, you will receive a payment from this Settlement but will give up your rights to sue Snap Fitness for claims related to this case. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2019** | If you are a Class Member and you exclude yourself from the Settlement, you will <u>not</u> receive a share of the Settlement Fund and you will <u>not</u> give up your right to sue Snap Fitness for claims related to this case. |
| **OBJECT NO LATER THAN _____ __, 2019** | If you are a Class Member, you may write to the Court about why you do not like the Settlement, but only if you have not excluded yourself from the Class. |
| **GO TO A HEARING ON _____ __, 2019** | If you are a Class Member, you may speak in Court about the fairness of the Settlement. |

## <u>INQUIRIES</u>

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim, or any other questions by Class Members should be directed to:

| Settlement Administrator: | | One or Both Class Counsel: |
|---|---|---|
| Snap Fitness CEF Settlement c/o JND Legal Administration P.O. Box 91246 Seattle, WA 98111 info@SnapFitnessCEFSettlement.com 1-833-291-1645 | **or** | Bryce A. Lenox The Law Office of Bryce A. Lenox, Esq. LLC 3825 Edwards Road, Suite 103 Cincinnati, Ohio 45209 bryce@brycelenoxlaw.com<br><br>Brian T. Giles The Law Office of Brian T. Giles, LLC 1470 Apple Hill Rd. Cincinnati, Ohio 45230 brian@gilesfirm.com |

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

| **1.** | **Why did I get a notice?** |
| --- | --- |

Notice was sent via email or U.S. mail to individuals who, according to Defendant's business records, (1) paid one or more CEFs under a Snap Fitness membership agreement that did not mention payment of the CEF; and/or (2) have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and either (i) canceled the membership during the Class Period while operating under that agreement, or (ii) remain a current Snap Fitness member under that agreement.

| **2.** | **What is this lawsuit about?** |
| --- | --- |

Thomas Dwyer filed this lawsuit against Defendant, alleging that Defendant violated the law by (1) charging a CEF to members whose Snap Fitness membership agreements did not mention the CEF and by (2) giving Snap Fitness members in Ohio insufficient notice of their cancellation rights under Ohio's Prepaid Entertainment Contract Act. Defendant denies that it violated the law. The parties have agreed to a settlement.  The Settlement resolves all the claims in the Action against Defendant, as well as claims that could have been made in the Action against Defendant and Defendant's Releasees.[1]  By entering into the Settlement, Defendant is not admitting that it did anything wrong.

| **3.** | **Why is this a class action?** |
| --- | --- |

In a class action, one or more persons and/or entities, called the Class Representative(s), sue on behalf of all persons and/or entities who have similar claims.  All of these persons and/or entities are referred to collectively as a Class, and these individual persons and/or entities are known as Class Members.  One court resolves all of the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

The Class Representative appointed by the Court in the Action is Thomas Dwyer.  The Class Representative is asking the Court to award him a service award of $3,500 for serving as Class Representative.

| **4.** | **Why is there a Settlement?** |
| --- | --- |

The Class Representative and the Defendant do not agree regarding the merits of the Complaint's allegations.  This matter has not gone to trial and the Court has not decided in favor of either the Class Representative or the Defendant.  Instead, the Class Representative and the Defendant have agreed to settle the Action.  The Class Representative and Class Counsel believe the Settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendant.  Even if the Class Representative were to win at trial, the Defendant could file an appeal whose outcome would be uncertain and could affect the collectability of any judgment previously obtained.

---

[1] This notice incorporates by reference the definitions in the Settlement Agreement (the "Settlement") dated as of February 1, 2019, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement.  The Settlement is posted on the Claims Administrator's website at www.SnapFitnessCEFSettlement.com.

| **5.** | **How do I know if I am part of the Settlement?** |
|---|---|

You are a Class Member if you (1)  paid a CEF under a Snap Fitness membership agreement that did not mention payment of the CEF (the "CEF Class"), and/or (2) have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and either (i) canceled your membership between May 25, 2015, and the present ("Class Period") while operating under that agreement, or (ii) remain a current Snap Fitness member under that agreement (the "PECA Class").

| **6.** | **What does the Settlement provide?** |
|---|---|

**(a)**     **What is the Settlement Fund?**

The proposed Settlement calls for Defendant to create a Settlement Fund in the amount of $2,920,000.  The Settlement is subject to Court approval.  A portion of the Settlement Fund will be used to pay taxes due on any interest earned by the Settlement Fund, if necessary. After any such deduction from the Settlement Fund, the amount remaining is for distribution to Class Members, with no reversion of those funds back to the Defendant.

**(b)**     **What can you expect to receive under the proposed Settlement?**

The amount you will receive depends on whether you are a member of the CEF Class, a member of the PECA Class, or a member of both Classes.

- Class Members in the CEF Class will receive a payment based on a percentage of the total amount they paid in CEFs.   Based on Defendant's records, the Claims Administrator estimates you might receive approximately 65% of the amount you paid in CEFs.  Your share of the Settlement Fund will depend on the number of Class Members who exclude themselves from the Class.

- Class Members in the PECA Class will receive $5.00.

- Individuals who are Class Members in both the CEF Class and the PECA Class are eligible to receive both payments identified above.

| **7.** | **How will I receive a settlement payment?** |
|---|---|

If you are a Class Member and do not exclude yourself from the Class, and if the Court grants final approval of the Settlement, you will receive a settlement payment in the form of a check mailed to your address at a future date.  However, if you move from your current address, you will need to notify the Claims Administrator in writing and include your new address in order for the settlement payment to reach you.  The Claims Administrator should be notified at:

Snap Fitness CEF Settlement
c/o JND Legal Administration
P.O. Box 91246
Seattle, WA 98111
info@SnapFitnessCEFSettlement.com

| 8. | What am I giving up to get a payment or stay in the Class? |
|----|----|

If you are a Class Member, you will remain in the Class unless you exclude yourself. That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) the Released Claims against the Defendant's Releasees.

The Defendant's Releasees are Snap Fitness, Inc., and its past and present parents, subsidiaries, franchisees, and affiliated corporations, limited liability companies, partnerships, and other entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, shareholders, employees, agents, members, partners, representatives, attorneys, insurers, and assigns, in their capacities as such.

The Released Claims are any and all claims, actions, causes of action, rights or liabilities, whether arising out of federal, state, foreign, or common law, including Unknown Claims, of any Class Member, which exist or may exist against any of the Defendant's Releasees by reason of any matter, event, cause, or thing that were or could have been alleged based on the facts, circumstances, transactions, events, occurrences, acts, omissions, or failures to act alleged, or which Plaintiff requested leave to allege, in the Action. Released Claims do not include any claims relating to the enforcement of the Settlement or any claims of any person or entity who Successfully Opts Out of the Settlement.

If you are a Class Member and you do not exclude yourself from the Class, you are agreeing to give up your rights to the Released Claims, which will bar you from ever filing a lawsuit against the Defendant or any of the Defendant's Releasees for the matters covered by the Released Claims. That means you will accept a share in the Settlement Fund, whether or not you claim it, as sole compensation from the Defendant or the Defendant's Releasees for any losses you have suffered for the matters covered by the Released Claims.

Further detail and information about what you are agreeing to give up is detailed in the Settlement, which is available at www.SnapFitnessCEFSettlement.com.

| 9. | How do I get out of the Settlement? |
|----|----|

If you are a Class Member and want to keep any right you may have to sue or continue to sue the Defendant or the Defendant's Releasees for the matters covered by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement. If you ask to be excluded in conformity with this notice, you will not be legally bound by anything that happens in this Action.

To exclude yourself from the Settlement, you must send a written request to the Claims Administrator at the address below, postmarked no later than _____ __, 2019:

Snap Fitness CEF Settlement
c/o JND Legal Administration
P.O. Box 91246
Seattle, WA 98111

Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Snap Fitness CEF action." No request for exclusion will be valid unless all of

the information described above is included, and a member of the Settlement Class may opt out on an individual basis only.

## 10. If I do not exclude myself, can I sue the Defendant for the same thing later?

No. If you are a Class Member, unless you exclude yourself, you give up any right to sue the Defendant or the Defendant's Releasees for the Released Claims. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Class to continue your own lawsuit.

## 11. Do I have a lawyer in this case?

The Court has appointed Bryce A. Lenox, at The Law Office of Bryce A. Lenox, Esq. LLC, and Brian T. Giles, at The Law Office of Brian T. Giles, as Class Counsel to represent the Class Members for the purposes of this Settlement. You have the option to retain your own separate counsel at your own cost and expense. You need not retain your own separate counsel to exclude yourself from the Settlement, object, or appear at the Fairness Hearing.

## 12. How will the lawyers be paid?

Class Counsel have expended considerable time litigating this Action on a contingent fee basis, have paid for the expenses of the Action themselves, and have not been paid any attorneys' fees in advance of this Settlement. Class Counsel have done so with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their Litigation Expenses.

Class Counsel will file a motion asking the Court to award attorneys' fees, reasonable Litigation Expenses, and a service award to the Class Representative in a collective amount of no more than $350,000. Defendant has agreed to pay any amount awarded by the Court up to $350,000 separately from the Settlement Fund, and an award of $350,000 or less will not affect the amount that any Class Member receives. The Court may award less than $350,000.

## 13. How do I tell the Court that I do not like the Settlement?

You can tell the Court that you do not agree with all or any part of the Settlement or Class Counsel's motion for attorneys' fees and Litigation Expenses, or any service awards to the Class Representative, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Dwyer v. Snap Fitness, Inc.*, Case No. 1:17-cv-00455-MRB. In the written objection, you must state your full name, address, a telephone number at which you currently can be reached, the reasons for your objection, the number of objections you have made in other class-action cases, identifying the specific cases, and whether you intend to appear at the Fairness Hearing on your own behalf or through counsel. Any documents supporting the objection must also be attached to the objection. Be sure to mail the objection to the address listed below, postmarked no later than _____ __, 2019, so the Court will consider your views:

Office of the Clerk
Potter Stewart U.S. Courthouse
Room 103
100 East Fifth Street
Cincinnati, Ohio 45202

| 14. | What is the difference between objecting and opting out? |

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Class. Opting out of—or requesting exclusion from—the Settlement is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself and you will be bound by any order issued by the Court.

| 15. | When and where will the Court decide whether to approve the Settlement? |

The Court will hold a Fairness Hearing on _____, 2019 at \_\_\_\_ .m. before The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Class Counsel for attorneys' fees and Litigation Expenses, and whether to make service awards to the Class Representative.

If you wish to attend the Fairness Hearing and be heard orally in opposition to the Settlement, the application for attorneys' fees and Litigation Expenses, and/or the request for payment of service awards to the Class Representative, you must indicate in your written objection, submitted as described in response to Question No. 13, that you intend to appear at the Fairness Hearing. Your written objection must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Fairness Hearing.

| 16. | Do I have to come to the Fairness Hearing? |

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection and it is received on time, the Court will consider it.

| 17. | What happens if I do nothing at all? |

If you do nothing and the Court approves the Settlement, you will receive a payment from the Settlement Fund.

| 18. | How do I get more information about this case? |

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement with the Court. You may examine the Court's file in the Clerk's Office at the United States District Court for the Southern District of Ohio Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202, for more complete information about the details of the lawsuit and the proposed settlement. You may also visit the Settlement Website at www.SnapFitnessCEFSettlement.com, where the Settlement Agreement is posted, or call toll-

free at 1-833-291-1645. Relevant case filings will be added to the Settlement Website as the Settlement proceedings continue.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS DWYER,** *et al.*, | : | **CASE NO. 1:17-cv-00455-MRB** |
| | : | |
| **Individually and On Behalf of All Others** | : | |
| **Similarly Situated,** | : | |
| | : | **(Judge Michael R. Barrett)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SNAP FITNESS, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT**

      **WHEREAS**, the above-titled putative class action is pending before the Court; and

      **WHEREAS**, Plaintiff Thomas Dwyer, on behalf of himself and the Settlement Class in

the litigation, and Defendant Snap Fitness, Inc. ("Defendant" or "Snap Fitness"), have entered into

the Class Action Settlement Agreement and Release dated February 1, 2019 ("Agreement"), which

was preliminarily approved by this Court as fair, adequate, and reasonable pursuant to Rule 23 of

the Federal Rules of Civil Procedure on _____ [ECF No. __] and which,

together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of

the Litigation and the dismissal of the Litigation with prejudice; and

      **WHEREAS**, notice of the Settlement was provided to Class Members in accord with the

Court's Order Preliminarily Approving Settlement by a Notice electronically mailed to all Class

Members for whom Defendant's records reflected a valid email address and a Postcard Notice to all

other Class Members; and

EXHIBIT B

**WHEREAS**, a notice of Settlement was mailed to government officials as described in 28 U.S.C. § 1715; and

**WHEREAS**, the Court having conducted a Fairness Hearing on _____, 2019, in Courtroom _____ at the United States District Court for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202; and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action and being otherwise fully advised,

**NOW, THEREFORE,** the Court hereby **FINDS, CONCLUDES, AND ORDERS:**

1.        This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

2.        This Order incorporates the definitions in the Settlement Agreement, and all terms used in the Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3.        Pursuant to Fed. R. Civ. P. 23(b)(3), the Court affirms its certification, solely for purposes of effectuating and finalizing the Settlement, of the following Settlement Class:

> (a) persons who have paid a Club Enhancement Fee under a Snap Fitness membership agreement that did not mention payment of the Club Enhancement Fee (the "CEF Sub-Class");

> (b) persons who have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and who either (i) canceled their membership during the Class Period while operating under that agreement, or (ii) remain current Snap Fitness members under that agreement (the "PECA Sub-Class"). For purposes of this definition, "canceled" shall mean a termination of membership in which the member did not transfer to another form of Snap Fitness membership within two days, as reflected in Defendant's business records.

> Excluded from the Class are Defendant and its officers and directors; Class Counsel and their partners, associates, lawyers, and employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.

2

4. Defendant complied with the notice requirements in the Class Action Fairness Act, 28 U.S.C. § 1715. The Court's docket shows that no Attorney General objected to the Settlement Agreement or otherwise attempted to intervene or participate in the Action or the Fairness Hearing following receipt of the Class Action Fairness Act notice.

5. The Court affirms the appointment of Plaintiff Thomas Dwyer as the Class Representative of the Settlement Class and finds that the Class Representative has fairly and adequately represented the interests of Class Members in connection with the Settlement.

6. The Court affirms the appointment of Bryce A. Lenox of The Law Office of Bryce A. Lenox, Esq. LLC and Brian T. Giles of The Law Office of Brian Giles LLC as Class Counsel for the Class.

7. The persons who have Successfully Opted Out of the Class are identified in Exhibit 1 attached hereto ("Excluded Persons").

8. The Class Representative and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Settlement Agreement. Excluded Persons are no longer parties to this Action and are not bound by the Settlement embodied in the Settlement Agreement.

9. The Settlement set forth in the Settlement Agreement (i) is in all respects fair, reasonable, and adequate to the Class, (ii) was the product of informed, arm's-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representative and Defendant to adequately evaluate and consider their positions.

10. The terms of the Agreement, and the Settlement provided for therein, are finally approved as fair, reasonable, and adequate and as being in the best interests of the Settlement Class. The Court therefore authorizes and directs implementation of all terms and provisions of

3

the Settlement Agreement, including, but not limited to, the timely honoring of all valid claims submitted by Class Members.

11.     The Notice given to the Class in accord with the Order Preliminarily Approving Settlement was the best notice practicable under the circumstances and constituted sufficient notice to all persons entitled thereto. The form, content, and distribution of the Email Notice, Postcard Notice, and Long-Form Notice, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

12.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

13.     The Class Representative and all Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, and insurers, in their capacities as such, are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Defendant Snap Fitness, Inc., and its past and present parents, subsidiaries, franchisees, and affiliated corporations, limited liability companies, partnerships, and other entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, shareholders, employees, agents, members, partners, representatives, attorneys, insurers, and assigns, in their capacities as such, from any and all claims, actions, causes of action, rights or liabilities, whether arising out of federal, state, foreign, or common law, including Unknown Claims, which exist or may exist against any of the Defendant's Releasees by reason of any matter, event, cause, or thing that were or could have been alleged based on the facts, circumstances, transactions, events, occurrences, acts, omissions, or failures to act alleged, or which Plaintiff requested leave to allege, in the Action (the "Released Claims").

14.     The Class Representative and all Class Members are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released Claims against any of the Defendant's Releasees.

15.     The Court hereby decrees that neither the Settlement Agreement nor this Order nor the fact of the Settlement is an admission or concession by Defendant or Defendant's Releasees of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendant or Defendant's Releasees in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement or to support a defense based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

16.     The Court awards a collective amount of $_____ for Class Counsel's Litigation Expenses, including attorneys' fees, and a service award to the Class Representative.

17.     The Court hereby retains jurisdiction over the implementation, administration, interpretation, and enforcement of this Settlement.

18.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19.     If the judgment does not become final in accord with Section 11.01 of the Settlement Agreement, then the final judgment shall be rendered null and void to the extent provided by and in accord with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be

null and void. In such event, the Action shall return to its status immediately prior to execution of the Settlement.

Dated:_____          _____
                          Judge Michael R. Barrett
                          United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| **THOMAS DWYER** | : | **Case No. 1:17-cv-00455-MRB** |
| | : | |
| **Individually and on behalf of all others** | : | **Judge Michael R. Barrett** |
| **similarly situated** | : | |
| | : | |
| **Plaintiff,** | : | **[PROPOSED] ORDER GRANTING** |
| | : | **PRELIMINARY APPROVAL OF CLASS** |
| **vs.** | : | **ACTION SETTLEMENT** |
| | : | |
| **SNAP FITNESS, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

This matter comes before the Court on Plaintiff Thomas Dwyer's ("Dwyer") unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and the Settlement Agreement and Release dated February 1, 2019 ("Agreement")[1] entered into by Plaintiff with Snap Fitness, Inc. (collectively, "Defendant" or "Snap Fitness"), and attached exhibits, and finds that the Motion should be GRANTED.

NOW, THEREFORE, the Court hereby FINDS, CONCLUDES AND ORDERS:

1.      The Court does hereby preliminarily and conditionally approve, for settlement purposes only, the following Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

All persons within the United States who fall into either or both of the following sub-classes: (a) persons who have paid a Club Enhancement Fee under a Snap Fitness membership agreement that did not mention payment of the Club Enhancement Fee (the "CEF Sub-Class");

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Agreement.

EXHIBIT C

and (b) persons who have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and who either (i) canceled[2] their membership during the Class Period while operating under that agreement, or (ii) remain current Snap Fitness members under that agreement (the "PECA Sub-Class").

Excluded from the Class are Defendant and its officers and directors; Class Counsel and their partners, associates, lawyers, and employees; the judicial officers and their immediate family members and associated Court staff assigned to this case; and all persons who Successfully Opt Out, as described in Section IX of the Agreement and as set forth in this Order.

2.      For purposes of the Settlement only, the Court appoints named Plaintiff Thomas Dwyer as the Class Representative of the Settlement Class.

3.      For purposes of the Settlement, the Court appoints Bryce Lenox of the Law Office of Bryce A. Lenox, Esq. LLC and Brian Giles of The Law Office of Brian Giles LLC as Class Counsel. The Court authorizes Class Counsel to enter into the Settlement Agreement on behalf of the Class Representative and the Class and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

4.      The Court does hereby preliminary approve the Settlement, including the notices and the releases contained therein as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the fairness hearing described below.

5.      A hearing (the "Fairness Hearing") shall be held before the Court on

_____ a.m./p.m. for the following purposes:

---

[2] For purposes of the PECA Sub-Class, "canceled" shall mean a termination of membership in which the member did not transfer to another form of Snap Fitness membership within two days, as reflected in Defendant's business records.

a.   To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

b.   To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

c.   To determine whether the claims process under the Settlement is fair and reasonable and should be approved by the Court;

d.   To determine whether Plaintiff's application for attorneys' fees and reimbursement of expenses, and requested awards for incentive payments, should be approved; and

e.   To rule upon such other matters as the Court may deem appropriate.

6.   The Court approves, as to form and content, the various forms of Class Notice attached to the Agreement. The Court finds and determines that the distribution of the Class Notice by electronic mail, along with supplemental distribution of the Postcard Notice for those for whom Defendant's records do not contain a valid email address, meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

7.   The Complaint was commenced after February 18, 2005. The Court directs Snap Fitness to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and to ensure that proof of compliance is filed with the Court no later than fourteen (14) days before the Fairness Hearing.

8.   The firm of JND Legal Administration ("Claims Administrator") is hereby appointed, under the supervision of Class Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below.

3

a.   No later than sixty (60) days after the date of this Order (the "Settlement Notice Date"), the Claims Administrator will (i) send the Email Notice by electronic mail, to the most recent email address as reflected in Defendant's reasonably available computerized account records, to all persons in the Settlement Class for whom such records exist; (ii) send the Postcard Notice by first class mail, to the most recent mailing address as reflected in Defendant's computerized account records, for those Class Members for whom Defendant does not have an email address (as reflected in reasonably available computerized account records) or whose emails are undeliverable, as determined by the Claims Administrator; and (iii) cause the Long-Form Notice, substantially in the form attached to the Settlement Agreement, to be posted on the Settlement Website, along with other relevant court documents and settlement information.

b.   No later than fourteen (14) days prior to the Final Approval Hearing, the Claims Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Class Notice required by the Agreement has been completed in accordance with the terms of this Order.

9.      All Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in.

10.      Persons in the Settlement Class may request exclusion from the Settlement, and thereby Successfully Opt Out, by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than sixty (60) days after the Settlement Notice Date (the "Opt-Out Deadline").

a.   Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement

4

Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Snap Fitness CEF action." No request for exclusion will be valid unless all of the information described above is included.

      b.   No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person from the Settlement Class. A member of the Settlement Class may opt out on an individual basis only. "Mass" or "class" opt-outs, whether submitted by third parties on behalf of a "mass" or "class" of class members or multiple class members, where no personal statement has been signed by each individual Class Member, are not allowed.

      c.   Any member of the Settlement Class who Successfully Opts Out pursuant to this Order will not be a Settlement Class Member and will not be bound by the terms of this Agreement.

      11.    Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiff, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against Snap Fitness.

      12.    Upon entry of the Court's Final Judgment Order, the Class Representative and all Class Members shall be permanently enjoined and barred from asserting any claims against Defendant and Defendant's Releasees arising from the Released Claims, and the Class Representative and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims.

      13.    No later than fourteen (14) days after the Opt-Out Deadline, Class Counsel will apply to the Court for an award of Litigation Expenses to be paid separately by Defendant, as well as a service award to the Class Representative for his representation of the Class, also to be

separately paid by Defendant. All of the above, including any service award to the Class Representative, is the "Fee and Expense Application."

14.     No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiff will file any and all memoranda in support of final approval, and Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement.

15.     Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court on or before the Opt-Out Deadline.  In the written objection, the Settlement Class Member must state his or her full name, address, a telephone number at which he or she currently can be reached, the reasons for his or her objection, the number of objections he or she has made in other class-action cases, identifying the specific cases, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the objection. The Parties will have the right to depose any objector to assess whether the objector has standing.

16.     Any person who does not make his or her objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court.

17.     This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Snap Fitness, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is

any liability on the part of Snap Fitness. This Order, the Agreement, and the Settlement and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement, and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

18.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiff and Snap Fitness, if appropriate, without further notice to the Class.

SO ORDERED:

_____
Honorable Michael R. Barrett
United States District Judge