**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| **THOMAS DWYER** | : | **Case No. 1:17-cv-00455-MRB** |
| | : | |
| **Individually and on behalf of all others similarly situated** | : | **Judge Michael R. Barrett** |
| | : | |
| **Plaintiff,** | : | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| | : | |
| **vs.** | : | |
| | : | |
| **SNAP FITNESS, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

This matter comes before the Court on Plaintiff Thomas Dwyer's ("Dwyer") unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and the Settlement Agreement and Release dated February 1, 2019 ("Agreement")[1] entered into by Plaintiff with Snap Fitness, Inc. (collectively, "Defendant" or "Snap Fitness"), and attached exhibits, and finds that the Motion should be GRANTED.

NOW, THEREFORE, the Court hereby FINDS, CONCLUDES AND ORDERS:

1.     The Court does hereby preliminarily and conditionally approve, for settlement purposes only, the following Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

All persons within the United States who fall into either or both of the following sub-classes: (a) persons who have paid a Club Enhancement Fee under a Snap Fitness membership agreement that did not mention payment of the Club Enhancement Fee (the "CEF Sub-Class");

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Agreement.

1

EXHIBIT 1

and (b) persons who have been a party to a pre-November 2017 Snap Fitness prepaid membership agreement in the state of Ohio and who either (i) canceled[2] their membership during the Class Period while operating under that agreement, or (ii) remain current Snap Fitness members under that agreement (the "PECA Sub-Class").

Excluded from the Class are Defendant and its officers and directors; Class Counsel and their partners, associates, lawyers, and employees; the judicial officers and their immediate family members and associated Court staff assigned to this case; and all persons who Successfully Opt Out, as described in Section IX of the Agreement and as set forth in this Order.

2.      For purposes of the Settlement only, the Court appoints named Plaintiff Thomas Dwyer as the Class Representative of the Settlement Class.

3.      For purposes of the Settlement, the Court appoints Bryce Lenox of the Law Office of Bryce A. Lenox, Esq. LLC and Brian Giles of The Law Office of Brian Giles LLC as Class Counsel. The Court authorizes Class Counsel to enter into the Settlement Agreement on behalf of the Class Representative and the Class and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

4.      The Court does hereby preliminary approve the Settlement, including the notices and the releases contained therein as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the fairness hearing described below.

5.      A hearing (the "Fairness Hearing") shall be held before the Court on September 9, 2019 at 10 a.m. in Courtroom 109 - Cincinnati before Judge Michael R. Barrett for the following purposes:

---

[2] For purposes of the PECA Sub-Class, "canceled" shall mean a termination of membership in which the member did not transfer to another form of Snap Fitness membership within two days, as reflected in Defendant's business records.

a.   To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

b.   To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

c.   To determine whether the claims process under the Settlement is fair and reasonable and should be approved by the Court;

d.   To determine whether Plaintiff's application for attorneys' fees and reimbursement of expenses, and requested awards for incentive payments, should be approved; and

e.   To rule upon such other matters as the Court may deem appropriate.

6.      The Court approves, as to form and content, the various forms of Class Notice attached to the Agreement. The Court finds and determines that the distribution of the Class Notice by electronic mail, along with supplemental distribution of the Postcard Notice for those for whom Defendant's records do not contain a valid email address, meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

7.      The Complaint was commenced after February 18, 2005. The Court directs Snap Fitness to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and to ensure that proof of compliance is filed with the Court no later than fourteen (14) days before the Fairness Hearing.

8.      The firm of JND Legal Administration ("Claims Administrator") is hereby appointed, under the supervision of Class Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below.

a.   No later than sixty (60) days after the date of this Order (the "Settlement Notice Date"), the Claims Administrator will (i) send the Email Notice by electronic mail, to the most recent email address as reflected in Defendant's reasonably available computerized account records, to all persons in the Settlement Class for whom such records exist; (ii) send the Postcard Notice by first class mail, to the most recent mailing address as reflected in Defendant's computerized account records, for those Class Members for whom Defendant does not have an email address (as reflected in reasonably available computerized account records) or whose emails are undeliverable, as determined by the Claims Administrator; and (iii) cause the Long-Form Notice, substantially in the form attached to the Settlement Agreement, to be posted on the Settlement Website, along with other relevant court documents and settlement information.

b.   No later than fourteen (14) days prior to the Final Approval Hearing, the Claims Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Class Notice required by the Agreement has been completed in accordance with the terms of this Order.

9.     All Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in.

10.    Persons in the Settlement Class may request exclusion from the Settlement, and thereby Successfully Opt Out, by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than sixty (60) days after the Settlement Notice Date (the "Opt-Out Deadline").

a.   Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement

Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Snap Fitness CEF action." No request for exclusion will be valid unless all of the information described above is included.

      b.   No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person from the Settlement Class. A member of the Settlement Class may opt out on an individual basis only. "Mass" or "class" opt-outs, whether submitted by third parties on behalf of a "mass" or "class" of class members or multiple class members, where no personal statement has been signed by each individual Class Member, are not allowed.

      c.   Any member of the Settlement Class who Successfully Opts Out pursuant to this Order will not be a Settlement Class Member and will not be bound by the terms of this Agreement.

11.     Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiff, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against Snap Fitness.

12.     Upon entry of the Court's Final Judgment Order, the Class Representative and all Class Members shall be permanently enjoined and barred from asserting any claims against Defendant and Defendant's Releasees arising from the Released Claims, and the Class Representative and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims.

13.     No later than fourteen (14) days after the Opt-Out Deadline, Class Counsel will apply to the Court for an award of Litigation Expenses to be paid separately by Defendant, as well as a service award to the Class Representative for his representation of the Class, also to be

separately paid by Defendant. All of the above, including any service award to the Class

Representative, is the "Fee and Expense Application."

14. No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiff will file any and all memoranda in support of final approval, and Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement.

15. Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court on or before the Opt-Out Deadline.  In the written objection, the Settlement Class Member must state his or her full name, address, a telephone number at which he or she currently can be reached, the reasons for his or her objection, the number of objections he or she has made in other class-action cases, identifying the specific cases, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the objection. The Parties will have the right to depose any objector to assess whether the objector has standing.

16. Any person who does not make his or her objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court.

17. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Snap Fitness, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is

any liability on the part of Snap Fitness. This Order, the Agreement, and the Settlement and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement, and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

18.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiff and Snap Fitness, if appropriate, without further notice to the Class.

SO ORDERED:


 /s Michael R. Barrett
Honorable Michael R. Barrett
United States District Judge