UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS DWYER, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| SNAP FITNESS INC., | : : |
| Defendant. | : |

Case No. 1:17-cv-00455

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Plaintiff's Unopposed Amended Motion for Attorneys' Fees, Costs, and Class Representative Service Awards (Doc. 33). The Court held a fairness hearing in this case on September 9, 2019.

**I. ANALYSIS**

Class Counsel seek an award of reasonable attorneys' fees and reimbursement for costs and expenses incurred during their representation of the Settlement Class. Class Counsel also request a service award to the named representative in this matter. No objections were filed or raised at the fairness hearing. In deciding the Motion, the Court considered the Motion itself, including accompanying briefs and exhibits,[1] along with the record in this case, including Class Counsel's and Defendant's counsel's testimony at the fairness hearing. The Court's review of these filings is separate from its

---

[1] Class Counsel submitted declarations regarding their billing records for the Court's in camera review per the Court's instruction at the fairness hearing.

review of the fairness, reasonableness, and adequacy of the Class Action Settlement.

### a. Attorneys' Fees

Pursuant to Federal Rules of Civil Procedure 23(h) and 52(d)(2), and upon motion, the Court has the authority to award reasonable attorneys' fees and nontaxable costs authorized by law or the parties' agreement. "To determine reasonable attorneys' fees, the Court must engage in a two-part analysis." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 760 (S.D. Ohio 2007). "First, the Court must select a method by which to calculate the attorneys' fees—either the percentage approach or the lodestar approach." *Id.* "Second, the Court must analyze and weigh the "*Ramey* factors." *Id.* (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)).

Starting with the first part of the analysis, in the Sixth Circuit, district courts have the discretion "to determine the appropriate method for calculating attorneys' fees in light of the unique characteristics of class actions in general, and the particular circumstances of the actual cases pending before the Court" using either the percentage or lodestar approach. *In re Cardinal Health Inc. Sec. Litig.*, 528 F.Supp.2d at 761 (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996)). In this district, "the preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier." *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *5 (S.D. Ohio July 11, 2014) (quoting *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08–CV–1119, 2011 WL 292008, at *13 (S.D. Ohio Jan. 26, 2011)).

Here, the Settlement Agreement states that attorneys' fees and costs will be paid separately from, and in addition to, the $2,920,000 Settlement Fund. "Although this case is not precisely a common fund case (as the funds going to pay for attorneys' fees and

2

costs are to be paid under the Settlement Agreement separate and apart from the money that goes to the [Settlement Fund] . . . ), nonetheless, the common fund analysis properly applies." *Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2018 WL 4776977, at *5 (S.D. Ohio Oct. 3, 2018) (citing *Merkner v. AK Steel Corp.*, No. 1:09-cv-423, 2011 WL 13202629, at *1 (S.D. Ohio Jan. 10, 2011)).  The Court finds that percentage approach is appropriate in this case.

The requested $338,352.55 in attorneys' fees is 11.5% of the $2,920,000 Settlement Fund and, if attorneys' fees are included as part of the total benefit to the Settlement Class, then the percentage would be 10.3%.  Under either computation, the requested reimbursement of $338,352.55, 10.3% or 11.5%, falls within the range of reasonable fees as a percentage of the settlement.  *See In re Broadwing, Inc. ERISA Litigation*, 252 F.R.D. 369, 380 (S.D. Ohio 2006) ("Attorneys fees awards typically range from 20 to 50 percent of the common fund.").

Turning to the second part of the Court's analysis, in reviewing the reasonableness of a fee award, this Court considers six factors: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides.  *Ramey*, 508 F.2d at 1196.  "There is no formula for weighing these factors.  Rather, the Court should be mindful that each case presents a unique set of circumstances and arrives at a unique settlement, and thus different factors could predominate depending on the case."  *In re Cardinal Health Inc. Sec. Litig.*,

3

528 F.Supp.2d at 764 (citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). For the reasons stated below, the Court finds each of these factors weighs in favor of granting the requested attorneys' fees.

First, the Court finds that the benefits conferred on the Settlement Class are considerable, as Class Counsel's efforts resulted in the $2,920,000 Settlement Fund. Specifically, each member of the Ohio Prepaid Entertainment Contract Act ("PECA") sub-class is entitled to $5 and each member of the Club Enhancement Fee ("CEF") sub-class can expect to receive between $.01 (Class Counsel explain that some CEF sub-class members were reimbursed by their respective franchisee) and $115. (Doc. 33 at PageID 556).

Second, "[s]ociety has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own." *Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144 (S.D. Ohio May 30, 2012); *see In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 1029, 1043 (S.D. Ohio) ("Attorneys who take on class action matters serve a benefit to society and the judicial process by enabling such small claimants to pool their claims and resources."), *decision clarified*, 148 F. Supp. 2d 936 (S.D. Ohio 2001). Here, Settlement Class Members would likely have not known they had claims against Defendant or pursued their individual claims in light of the relatively small individual damages amount. *See id.*

Third, Class Counsel agreed to accept this case on a completely contingent basis and have neither been paid for their worked performed nor reimbursed for expenses incurred. *See Gentrup v. Renovo Servs.*, Case No. 1:07-cv-430, 2011 WL 2532922, at *4, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) (finding that the fact

that plaintiffs' counsel had made "significant investments of time and [had] advanced costs but [had] received no compensation in this matter" weighed in favor of granting the requested fee).

Fourth, at the time of filing their Motion, Class Counsel had expended 315.5 hours which, at their reasonable hourly rate, results in a lodestar of $149,862.50. Class Counsel's requested reimbursement of $338,352.55 results a 2.2 lodestar multiplier. The Court finds this appropriate in light of the quality of Class Counsel's work product and the public benefit achieved. *See Gascho v. Glob. Fitness Holdings*, LLC, 822 F.3d 269, 279-80 (6th Cir. 2016).

Fifth, this case involved complex consumer class action legal and factual issues which were further complicated by the fact that Defendant is a franchisor and its franchisees charged the CEFs.

Sixth, Class Counsel are highly experienced and skilled attorneys and acted as ardent advocates for the Settlement Class Members.

### b. Costs and Expenses

Class Counsel request reimbursement of $8,147.45 in costs and expenses which encompasses the filing fee and mediation fee. The Court finds that the requested costs and expenses are reasonable and were necessary to the prosecution and settlement of this matter.

### c. Service Award

Class Counsel request a service award for the Class Representative, Thomas Dwyer, in the amount of $3,500. Mr. Dwyer submitted a declaration which provided an estimated summary of the time he spent on this matter, per the Court's instruction at the

fairness hearing. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 311 (6th Cir. 2016). Mr. Dwyer, in addition to other actions, met with Class Counsel prior to the filing of the case, assisted with drafting the Complaint, reviewed discovery responses, reviewed the demand letter, helped prepare for and attended mediation, reviewed the proposed, and final, Settlement Agreement, and attended the fairness hearing. (Doc. 37). The Court finds that Mr. Dwyer's declaration supports the requested service award.

## II. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Amended Motion for Attorneys' Fees, Costs, and Class Representative Service Awards (Doc. 33) is **GRANTED**.

**IT IS SO ORDERED.**

      _s/ Michael R. Barrett_____
      Michael R. Barrett, Judge
      United States District Court